## Sizer *vs.* Burt.

On the trial of a cause involving a question on which the *opinions* of witnesses are competent testimony, the court, or referees, may, in their discretion, limit the number of such witnesses which each party may examine.

And where, in an action on the endorsement of a promissory note, which the defendant alleged to be a forgery, the referees before whom the cause was tried, decided "not to hear the testimony of more than twenty witnesses on each side, called for the purpose of expressing an opinion on the genuineness of the signature in question," and refused to hear additional witnesses for that purpose, offered by the defendant, *held* a discreet exercise of the discretion of the referees.

Though mere *extracts* from written documents, which are lost or destroyed, cannot be received as evidence, where there is no account of the remaining contents of the paper, yet where the witness who had taken the extracts, had read the whole document, and could give a general account of its contents, his statement of the parts extracted by him is competent secondary evidence of the paper.

MOTION to set aside the report of referees. The suit was brought to recover the amount of a check drawn in the year 1836, on a bank in Buffalo, by William Forsyth, for $2000, payable to the order of Benjamin Rathbun, and endorsed by him, and, (as alleged,) by the defendant. It was payable in three months after date. *Non-assumpsit* was pleaded, and the principal question on the trial was whether the defendant's endorsement was genuine, or was, as he contended, a forgery. The presentment for payment and notice of non-payment were admitted. Much of the testimony consisted of the opinions of witnesses who were acquainted with the hand-writing of the defendant, upon the question of the genuineness of the endorsement. After considerable testimony of that description had been given, the referees decided that they would "not hear the testimony of more than twenty witnesses on each side called for the purpose of expressing an opinion on the genuineness of the signature" in question. The counsel for both parties objected to this decision. After the defendant's counsel had called and examined twenty witnesses upon the point referred to, (two of whom, however, appeared not to be acquainted with the defendant's hand-writing,) they proposed to call two others

Sizer *v.* Burt.

whom they named, and also stated that they had eight or ten additional ones whom they desired to examine. The referees decided to adhere to the rule laid down by them, and declined to hear the additional witnesses.

It appeared that Rathbun, the first endorser of the check, had made a general assignment for the benefit of his creditors, and that the defendant had presented to the trustees under this assignment, written statements of sundry claims which he had upon the fund. The plaintiff undertook to show that in one of these statements the defendant had recognized the genuineness of his endorsement upon the check in question; and for this purpose called S. G. Haven, by whom he offered to prove the contents of such statement, after having given evidence of its loss. The ruling of the referees, and the testimony given upon the subject, are sufficiently stated in the opinion of the court.

The referees found the defendant's endorsement to be genuine, and reported in favor of the plaintiff the amount of the check, deducting what the plaintiff had realized out of the estate conveyed by Rathbun to the trustees. The defendant moved to set aside the report and for a new trial.

*W. W. Mann & A. Taber*, for the defendant.

1. The referees had no right to limit the number of witnesses which the defendant might examine upon the question of the genuineness of the endorsement. It was a question of fact, and not like the inquiry upon the impeachment of the general reputation of a witness.

2. An extract from the statement made by the defendant to the assignees of Rathbun, could not be given in evidence. If the proof was sufficient to allow secondary evidence, such evidence should have related to the whole contents of the statement, and not to a part only. (*Cowen & Hill's Notes, p.* 1242, note 872; *Dennis* v. *Barber*, 6 *Serg. & Rawle*, 420.)

*M. Fillmore*, for the plaintiff, as to the first point referred to *Garey* v. *Nicholson*, (24 *Wend.* 350.)

*By the Court*, BEARDSLEY, J.   The main question before the referees was as to the genuineness of the endorsement of the defendant's name on Forsyth's check.   Upon this point the opinion of witnesses, acquainted with the hand-writing of the defendant, was admissible, and such evidence was given by both parties.   At an early stage of the trial the referees decided to limit the number of witnesses on that question, and announced their determination to the parties.   This, at the time, was objected to by both parties, and is now complained of on the part of the defendant; but as it seems to me, without any just cause.

It must not escape notice that this was evidence of opinion, and not of facts, circumstances or declarations bearing upon the point in issue.   Where such evidence is allowable, courts and referees must exercise a discretion and control as to the number of witnesses whose opinions will be heard, or such examinations will, at times, be nearly interminable.   And that such a power exists in all judicial tribunals, admits, in my opinion, of as little doubt as that it was discreetly exercised in this instance.   The evidence of twenty witnesses on each side, standing in direct conflict with each other upon a matter of mere *opinion*, if such a state of things could aid referees at all, would, certainly, afford them as much assistance as similar evidence from any greater number of antagonist witnesses.

Nor was there any error in receiving secondary evidence of the contents of the written memorandum, alleged to have been made by the defendant, in regard to the endorsement of this check.   The evidence was very full and satisfactory to show that this memorandum had been lost or destroyed, which laid a proper foundation for the admission of parol evidence of its contents.   The only witness who had seen the memorandum, and by whom its contents were sought to be proved, was Mr. Haven, and he was not subjected to a very rigid examination with a view to ascertain how far he had knowledge of the contents of the entire paper, so as to be able to speak fully on that subject.   This particular, but most material inquiry, seems hardly to have been started on the hearing, the objections to

his proving the contents of the memorandum made by him being, *first*, that a proper foundation had not been laid for the admission of secondary evidence ; and *secondly*, that the copy of a part of the original memorandum, which the witness had made, could not be used as evidence, because it was a copy of a part and not of the entire paper.

If this extract had been offered as written evidence of the original memorandum, or as the only evidence of what the original contained, it would have been inadmissible, as the oral statements of a witness, who had read the original but in part, would have been. The plaintiff was at liberty to give secondary evidence of the contents of this paper ; but he was bound to furnish reasonable proof of the entire contents, and could not be allowed to prove a part and stop there. Nor was this attempted in the present instance. The offer was to prove the contents of the memorandum, and not of a part only ; and the objection made, and the proof given, must be understood as having reference to this offer. In speaking on this subject the witness says, " the memorandum contained a list of the claims Gen. Burt had against Rathbun, setting them out and describing them." In this general way the entire contents of the memorandum are stated by the witness ; he then proceeds : " In that was the memorandum I supposed to be in reference to this check ; it was as follows—' also a check drawn by Wm. Forsyth on the cashier of the Bank of Buffalo—may be a genuine endorsement as I once recollect endorsing such a check and this may be a renewal of the same. This belongs to H. H. Sizer—$2000.' Then there was another statement in these words. I think it immediately follows the other, but as to that I am not certain—' and a check of H. H. Sizer's, drawn by Wm. Forsyth, which he wishes me to present in my name.' The original was in the hand-writing of Burt. I am acquainted with his hand-writing. There were other claims in the paper, but these two were all that in any way referred to this check, or one like it. I copied this myself at the time I saw it in Clary's possession." Thus far I have copied from the direct examination of the witness, Haven. He was cross-examined

although not at large, as to the contents of the entire memorandum, but sufficiently so to show that the witness was understood as giving evidence of every thing contained in the paper, a part of his statements being founded on memory alone, and the residue contained in the written copy from which he read. It was therefore not like the case of *Dennis* v. *Barber*, (6 *Ser. & Rawle*, 420,) to which reference was made on the argument. There a copy of part of a letter was offered in evidence and rejected, because a copy of a part only. But it must be further observed that the witness, in that case, and only one was offered to be sworn, " did not pretend that either the extract offered, *or his own recollection*, embraced even the substance of the whole letter." And it was on this principle, which the court say was " amply sufficient," that the evidence was rejected at the trial, although on the motion for a new trial, other grounds were also adverted to. But in the case at bar, a very different state of things was presented, for the witness professed to speak fully of the entire contents of the memorandum. In the case referred to the extract from the letter was offered as competent evidence, on the offer of the witness, "to prove that the rest of it related, in no respect, to any matter in the cause," which it was urged " was equivalent to proof of the contents of the part not comprised in the extract. But a decisive answer is," say the court, " that for all this, we have only the opinion of a witness, who undertakes to say what the letter did not contain, without pretending to give an account of what it actually did contain." The evidence given in the present case, by Mr. Haven, was not so imperfect, for he spoke fully of what the memorandum did contain, the extract he had made from it comprising but a limited part of the entire paper. A foundation had been laid for giving parol evidence of the contents of this memorandum, and the witness might have spoken from memory alone, or aided by the written copy of a part of the paper, which had been made by himself, and was then in his hand. There was no occasion for his reading it as written evidence, for he might have given the same testimony, and in the very same words, stating that he was enabled to do so from

a written memorandum then before him. This would have been competent and proper, and the evidence, as given, was in substance the same thing. Nor was an objection made that it was incompetent, supposing secondary evidence admissible, to prove a part of the contents of the memorandum from memory alone, and the residue by resorting to the copy made by the witness. The copy was but a substitute for words which the witness might have spoken, and, as far as I can see, was unobjectionable.

The other points made on the argument have been examined, but neither of them can, in my opinion, be sustained.

Motion denied.