## THE PARK BANK *a.* TILTON.

*Supreme Court, First District; General Term, Feb.,* 1863.

PLEADING.—NECESSITY FOR PROVING CORPORATE EXISTENCE.— HARMLESS EXCLUSION OF COMPETENT TESTIMONY.

To require a domestic corporation plaintiff to prove its corporate organization, the defendant must specially plead the non-existence of such corporation, as required by 2 Rev. Stat., 458, § 3.

A new trial will not be granted on account of testimony erroneously excluded, where conclusive evidence upon the same point was admitted at another stage of the trial, and it appears that the moving party is not injured by such exclusion.

Appeal from a judgment.

This action was brought by the Park Bank against David Tilton as maker, and William E. Booraem as indorser, of a promissory note for $1,000. The complaint set forth the plaintiff's incorporation, and the making, indorsement, and dishonor of the note. The answer of the defendant Tilton denied knowledge or information sufficient to form a belief as to whether or not the plaintiffs were, at the several times mentioned in said complaint, or now are, or ever were, a banking association, duly or otherwise incorporated under or by virtue of the laws of the State of New York or otherwise; or as to whether or not they carry on the business of banking in the city of New York, or elsewhere. The answer also denied that the plaintiff was the lawful owner or holder of the note; averred that the note was owned at its maturity by the Artisans' Bank, and that while so held by the Artisans' Bank, the defendant Booraem paid $500 on account of the note; and that the note was now held and owned by Booraem, and was prosecuted for his benefit.

The case was tried at circuit, before Mr. Justice Grover, without a jury. The plaintiffs proved the consideration of the note by the defendant Booraem. To prove the incorporation of the bank, they offered to read in evidence a writing purporting to be a certified copy of the articles of association or charter, to which the defendant Tilton duly objected, but his objection was overruled and he excepted.

The defendant, in cross-examining Booraem, one of plaintiff's witnesses, asked the following question:

"Is there any memorandum check now held by the plaintiffs, given by you to them for the bank to hold as a payment of this note?"

This question was objected to by the plaintiffs, the objection sustained, and the question excluded; and the defendant excepted.

The plaintiffs further called Frederick Perry, who said: "I am discount clerk for the plaintiff. I know this note; this note the plaintiff received in the month of September, 1860, from the Artisans' Bank, and before its maturity. The plaintiff is the owner and holder of this note. It has not been paid in whole

or in part, but is wholly due and owing to the plaintiff.    I have a personal knowledge of this transaction."

Plaintiffs obtained judgment against Tilton for $1121.91, from which the defendant appealed.

*Richard M. Harrington*, for the appellant.—I. The court erred in admitting the copy of the certificate of the incorporation.    1. The bank was not legally put into operation until the requirements of the statute had been complied with.    The commissioner before whom the acknowledgment was made was one of the stock subscribers, and he afterwards took the proof, or acknowledgment, of the existence of the paper.    2. The commissioner could not certify to his own act.    The taking of the proof is an official act, and can only be done by an officer clothed with official authority; his act is official.    (*Bacon's Ab.*, tit. *Officer & Officers* (a); 5 *Mod.*, 431; 2 *Coke Inst.*, 32; Goodhue *a.* Berrien, 2 *Sandf. Ch.*, 630; Brannan *a.* Whitney, 7 *Shep.*, 413.)    3. There was no proof offered as to the making of the affidavit required by 1 Rev. Stat., 2 ed., 596, §§ 29–31; and see 3 ed., 728, § 40.

II. The court erred in excluding the evidence offered to show that the defendant Booraem had paid the plaintiffs, and that he was the real party in interest, and also that this suit was prosecuted for his benefit; and that the plaintiffs were not the lawful or real owners or holders of the note.

*John Townsend, Jr.*, for the respondents.—I. The incorporation of plaintiff was not put at issue by the answer.    (2 *Rev. Stat.*, 458, § 3; Bank of Genesee *a.* Patchin Bank, 13 *N. Y.*, 309 )    1. But the incorporation was sufficiently proven on the trial.    (2 *Rev. Stat.*, 5 ed., 559, § 189; Schenectady & S. Plankroad *a.* Thatcher, 11 *N. Y.*, 102.)    2. The fact that the execution of the certificate was proved by the subscribing witness before a commissioner of deeds, who was a subscriber to the extent of ten shares, would, at the most, only vitiate said subscription of ten shares.    And the number of shares provided by the certificate, viz., 20,000 shares, were subscribed without said ten shares of the commissioner.

II. But if any errors had occurred in the certificate, or other preliminaries to the creation of the corporation, the defendant

in this action could not avail himself of them, even if he had affirmatively pleaded said defects. The State only (and in a different proceeding) can take advantage thereof. (McFarlan *a.* Triton Ins. Co., 4 *Den.*, 392. Opinion of Mr. Justice Ingraham, in People *a.* Lane, Supreme Court, February Term, 1860.)

III. The form and manner of acknowledgment is for the recording officer to pass upon. If the proper officer (provided by the statute) admits an instrument to record, it becomes a valid record, and as such is notice to the world of its nature, purport, and effect. Whether commissioner's certificate of acknowledgment or proof is properly made or not, if the instrument is duly executed, it is binding on all the parties to it, and valid for all purposes.

IV. The question to Booraem excluded was a repetition, and had been fully answered before by the same witness. Besides, the witness Perry, in his testimony, says, "it" (the note in suit) "has not been paid in whole or in part." This, together with the testimony of the witness Booraem, shows that the defendant was not injured by the exclusion of the question; and in such case, even if the ruling was technically irregular, the court will not grant a new trial. (See Munroe *a.* Potter, 22 *How. Pr.*, 49.) It was, obviously, excluded because it was a captious repetition of a question already put and answered, and on a subject already exhausted.

BY THE COURT.*—CLERKE, J.—I. The defendant has not pleaded in such a manner as to oblige the plaintiff to prove its corporate existence. A general denial is not sufficient; the nonexistence of the corporation must be expressly pleaded. (Bank of Genesee *a.* Patchin Bank, 13 *N. Y.*, 313.) It is, therefore, of no consequence whether the court erred or not in admitting the certificate of the incorporation of the bank, under the objection that the certificate was insufficient.

II. Although, strictly speaking, the question excluded may not be improper, on the cross-examination, yet as evidence was previously given by the witness which was a substantial answer to the question, and as the testimony of Perry shows that the

---

* Present, SUTHERLAND, P. J., INGRAHAM and CLERKE, JJ.

defendant could not have been injured by the exclusion, the alleged error is not sufficiently serious to authorize a new trial. Judgment should be affirmed with costs.

SUTHERLAND, P. J.—I concur in the conclusion to which Judge Clerke has arrived.