EDWARD C. NEIL, Appellant, *v.* ANDERSON THORN et al., Respondents.

The rejection of evidence sought to be drawn out by defendant on the cross-examination of a witness for the plaintiff, which evidence would tend to support the defense, but was not called forth by any part of the direct examination, is not a ground of error; it is within the discretion of the court to receive the evidence at the time, or to require the defendant to wait until plaintiff has rested before introducing it.

When evidence is erroneously rejected, the error is cured by the subsequent offer by the same party of the same evidence and the admission thereof, in case it appears that the error was so corrected under circumstances which worked no injury to the party.

A witness once summoned and called to testify upon a trial is presumed to be present until its conclusion.

*It seems* that where it appears that a witness examined for the plaintiff has left the court, and when wanted by defendant is not present, it is in the discretion of the court to suspend the trial until he can again be brought in.

As to whether if this is refused, the defendant can have the benefit of an exception, *quære*.

Plaintiff's complaint alleged in substance that defendants, maliciously intending to injure him, brought him before a justice of the peace, and without probable cause charged him with having, by certain specified false pretenses, obtained from defendant F. his signature to a written instrument, by means of which plaintiff procured from one T. a sum of money with an intent to cheat and defraud, and thereupon defendant procured the justice to grant a warrant for plaintiff's arrest, and under it he was arrested and imprisoned; that having examined defendants and their witnesses in relation to the charge, the justice acquitted the plaintiff. Then followed a clause stated to be "as a separate cause of action," alleging that defendants maliciously and wrongfully caused plaintiff to be put into the custody of a constable, and forced him to go before the justice, and "then caused him to be imprisoned on a false charge;" damages were claimed for malicious prosecution and false imprisonment. The facts as to the complaint, arrest and discharge were undisputed, and plaintiff gave evidence tending to show that the charge was maliciously made. The court charged, "this is an action for malicious prosecution. There is also in the complaint a charge for false imprisonment, but it all arises out of the same transaction. If there is a cause of action for malicious prosecution, there is also one for false imprisonment. If the whole thing was justifiable, then there is neither." *Held*, that while in the strict and technical sense, evidence to sustain an action for false imprisonment would not sustain one for malicious prosecution, yet as the complaint in fact contained but one cause of action, *i. e.*, malicious prose-

cution which included the arrest, and as the statement in no way subjected defendants to increased damages, there was no error authorizing a reversal.

(Argued December 15, 1881; decided March 7, 1882.)

APPEAL from an order of the General Term of the Supreme Court, in the second judicial department, made February 11, 1879, which reversed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Francis Larkin* for appellant. The getting of the money on the order of one of the trustees did not make out the crime of getting money by false pretenses. (3 R. S. [6th ed.] 948, § 58; *Rainey* v. *The People*, 22 N. Y. 417; *People* v. *Tompkins*, 1 Park. Cr. Cas. 238.) There was no probable cause for the arrest and prosecution of the plaintiff for obtaining money by false pretenses. (6 Barb. 83; 53 N. Y. 14; 56 id. 451.) If defendants acted maliciously in getting out this warrant against the plaintiff, then the action for false imprisonment lies. (*Comfort* v. *Fulton*, 13 Abb. Pr. 276; *Von Latham* v. *Rowan*, 17 id. 237; *Hallock* v. *Downing*, 69 N. Y. 238; *Beaty* v. *Perkins*, 6 Wend. 382; *Von Latham* v. *Libby*, 38 Barb. 346.) In an action for malicious prosecution, if there is no conflict in the evidence and no dispute about the facts, the judge will be justified in determining the legal effect of such facts and directing a verdict accordingly. (*Masten* v. *Deyo*, 2 Wend. 424; *Bisson* v. *Southard*, 10 N. Y. 236.) A cause of action for false imprisonment and a cause of action for malicious prosecution, when both arise out of one and the same transaction, may be respectively alleged in different counts of the same complaint. (*Barr* v. *Shaw*, 10 Hun, 580.)

*C. Frost* for respondents. The court erred in charging the jury that "if there is a cause of action for malicious prosecution there is also one for false imprisonment." (*Brown* v.

*Chadsey*, 39 Barb. 253.) The evidence being conflicting as to many matters going to prove probable cause or the want of it, it should have been submitted to the jury. (*Buckley* v. *Keteltas*, 2 Seld. 384; *Heyne* v. *Blair*, 62 N. Y. 19; *Fagan* v. *Knox*, 66 id. 527.) The question in such cases is not whether a crime has actually been committed, or whether the person charged is guilty or innocent, but whether the facts are such that, in the mind of a person unskilled in the technical rules of law, they would excite a well-grounded suspicion that a crime had been committed. (*Baldwin* v. *Weed*, 17 Wend. 234; *Carl* v. *Ayers*, 53 N. Y. 17; *Bacon* v. *Towne et al.*, 4 Cush. 218.) The court improperly refused to charge the jury that no damages could be given for false imprisonment under the facts proved, and that the count for false imprisonment was not sustained. (*Bronson* v. *Chadsey*, 39 Barb. 253; *Sleight* v. *Ogle*, 4 E. D. Smith, 445; *Waldheim* v. *Sichel*, 1 Hilt. 45; *Ackroyd* v. *Ackroyd*, 3 Daly, 38.)

DANFORTH, J. The action was to recover damages for malicious prosecution and imprisonment upon a false charge. The claims seem to be woven together in the complaint, but there was no demurrer (§ 144, *Old Code*, *subd.* 5) or application to strike out any part as irrelevant or redundant, if either would have availed, nor was the attention of the trial judge called thereto until after he had submitted the case to the jury. It was then too late (§ 148, *Old Code*). They are founded upon the same transaction. As the plaintiff, in substance states it, the defendants, maliciously intending to injure, brought him before William Turk, a justice of the peace in the county of Westchester, and without any probable cause whatsoever, charged him with having by false pretenses (which are set out in the complaint) obtained from the defendant Ferris his signature to a certain written instrument, by means of which the plaintiff procured from one Tillotson a sum of money, with intent to cheat and defraud him or the defendant Ferris, and thereupon, the defendants procured the justice to grant a warrant for the arrest of the plaintiff; the justice issued a warrant

accordingly and the plaintiff was arrested and imprisoned for the space of eight days; that thereafter the justice having examined the defendants and their witnesses in relation to the charge adjudged the plaintiff not guilty, and acquitted him, and since that time the defendants have abandoned the charge. Then follows, as part of the fifth clause, but "as a separate cause of action," allegations that the defendants maliciously and wrongfully caused the plaintiff to be put into the custody of a constable and forced him to go before the justice, "and then caused him to be imprisoned on a false charge that the plaintiff had been guilty of a felony." These allegations, which really constitute a single cause of action, are amplified by unnecessary phrases.

The defendants set up by answer that at the time stated in the complaint they were trustees of school district No. 6 of the town of Somers, in said county, and that then and for some two months prior, the plaintiff was acting in the capacity of teacher in said school; that he was dismissed therefrom, and on leaving, took and carried away the public school register of the district, as well as the key to the outer door of the school-house, and thereafter, and before the alleged proceeding before the justice, the defendants, as such trustees, demanded from the plaintiff the said register and key, but he refused to deliver or return them to the defendants, and they thereupon went before the magistrate above named to take such proceedings as they should be advised were necessary and proper to recover the possession of said property. They also aver that while the plaintiff was acting as teacher, he presented to the defendant Ferris an order on the collector of the district for $26, and induced him to sign it as one of said trustees by the promise of the plaintiff that he would procure the other two trustees to sign the same before presenting it; that without doing so he immediately presented the order so signed by Ferris to the collector, and falsely stating to him he would see Kennard, another of the trustees, in regard to said sum of money mentioned in the order, and that it was all right for the collector to pay the amount of it to the plaintiff, induced its payment; that upon

the foregoing facts being stated to the justice, and believing the plaintiff criminally liable therefor (having been so advised), the proceedings referred to in the complaint were instituted against the plaintiff and a warrant issued, the plaintiff arrested and after a hearing discharged.

The defendants deny that they, or either of them, were actuated by any malice in this proceeding, or that the plaintiff sustained any damage thereby.

Upon the trial of these issues the plaintiff, in person, gave evidence tending to establish his cause of action, viz., want of probable cause and malice, his arrest, examination and discharge. He then called Turk, who testified that he was the magistrate before whom one of the trustees, Ferris, made the complaint. It was in writing. It was produced and appeared to be signed by Ferris alone, verified by him on the 22d of December, 1876, before the magistrate, and contains the matter now repeated in the complaint in this action. The witness testified that on it he issued a warrant against the plaintiff. It also was produced. It recites and follows the complaint of Ferris, is addressed to any constable of the county, and directs him to arrest the plaintiff herein, and bring him before a justice. The witness read the return of the officer making the arrest; produced the minutes of subsequent proceedings before him, showing an application by the then defendant for a postponement of the examination; its allowance by the justice, by consent of the complainant, and his order that the defendant, in the meantime, remain in the custody of the constable who arrested him. He stated that all three defendants were present at the time the warrant was issued, and that upon that occasion they came to his house together, and were all present when the complaint was drawn up and verified by Ferris.

At the very beginning of the cross-examination, being asked "when these trustees first came there" (*i. e.*, before him as magistrate), "did they make this complaint," he said: "Do you mean the two or three trustees?" And defendants' counsel replied, "well, the two, first." The witness then said, "I think they came to make a different complaint, first." Counsel. "A

different complaint, please state what that was ?" To this inquiry the plaintiff objected as immaterial. The objection was sustained, and the defendants excepted. Their counsel then said ; " We offer to prove, by this witness, that the defendants first went there for the purpose of making complaint before him (that is, the witness), to procure from the plaintiff the key and register of this district." The objection was repeated and was followed by the same ruling. The defendants' counsel continued, " and that, after having told their object, including the transaction with reference to this order, this witness advised them to take this proceeding, and that Mr. Ferris (one of the defendants), in pursuance of that advice, made the complaint." This was also objected to, with like result.

It is now argued by the learned counsel for the defendants (respondents here), that " the testimony was material upon the question of malice, as tending to prove a claim of the defendants ; that they applied to the justice for process to obtain the key and register from the plaintiff, and that the justice advised instead the proceeding upon which the warrant in question was issued," and again, " that it was competent, if for no other reason, for the purpose of disproving malice." It was no doubt obvious upon the trial that this was the object of the testimony called for, and it must have been so understood by the judge.

In view of the proceedings upon the trial it may be conceded that this position *is* well taken, for the trial judge charged the jury in accordance therewith. He said : " If you find that these trustees went to the magistrate and told him their story, and stated to him the facts of the case, and that he advised them to procure this warrant, then I charge you that you have the right to take that circumstance into consideration in mitigating the damages."

It does not follow, however, that the exception should prevail. *First.* The offer was of new matter. If true, it would, to some extent, perhaps, support the allegations in the answer ; but it was not called forth by any part of the direct examination of the witness, and was in violation of the general rule that a party cannot introduce his case to the jury by cross-

examining the witness of his adversary. (*Hartness* v. *Boyd*, 5 Wend. 563; *Kerker* v. *Carter*, 1 Hill, 101.) It was, therefore, in the discretion of the trial judge to admit or exclude it at that time. The orderly conduct of the trial might, in his opinion, require that the evidence for the plaintiff should be first concluded, before the defense was introduced, or matter in support of the defense. His decision, if made on that ground, could not be reviewed. (*Bedell* v. *Powell*, 13 Barb. 183; *Allen* v. *Bodine*, 6 id. 383; *Fry* v. *Bennett*, 3 Bosw. 200; 4 Denio, *infra.*)

*Second.* This ruling, if erroneous, was cured by subsequently admitting the same evidence at the instance of the defendants. It should be noticed that the objection was general, and, therefore, related, not to the competency of the witness, but to the relevancy of the testimony. (*Stevens* v. *Brennan*, 79 N. Y. 254.) The defendants did not adhere to the exception, but when the case came to them, made the same offer and the evidence was received. They proved the facts embodied in their offer by several witnesses, but did not again call Turk. I think this was a waiver of the exception on the part of the defendants, acquiesced in by the trial judge, and, therefore, not available here.

It is said that it does not appear that Turk was present when this evidence was given. If the defendants were prejudiced by the ruling, it was their duty so to present the case upon appeal that his absence and their inability to obtain him should be made apparent. A witness once summoned and called to testify upon a trial is presumed to be present until its conclusion. It is his duty to be in court, and without consent of the opposite party or permission of the court, he could not lawfully leave. Had it appeared that the witness left the court and was not present when wanted, it would have been in the discretion of the judge to suspend the trial until he could be again brought in. (*Rapelye* v. *Prince*, 4 Hill, 119.) If that was refused, the defendant might perhaps have had the benefit of an exception. It is well settled that an erroneous ruling as to evidence may be corrected by the court (*People* v. *Parish*, 4

Denio, 153) ; or an objection may be withdrawn by the adverse party. (*Ligget* v. *The Bank of Pa.*, 7 S. & R. 218.)

In either of these cases it must indeed appear that the error was corrected under circumstances which worked no injury to the party excepting. But an exception may also be waived by the party taking it; he is not bound to stand by the exception. It may be waived expressly or by inference, and the implication of such waiver is unavoidable when he offers again proof of a fact excluded by a former ruling; for by his renewed application he elects to submit to the decision of the court. If that is in his favor, the former exception falls. He cannot retain the exception and so allege error in law, after getting in such evidence as he offers, and try before the jury its effect upon the question of fact. He must be deemed to have made the new offer under circumstances satisfactory to himself, and is thus brought directly within the rule that exclusion of evidence at any stage of the trial is no ground of exception if it is subsequently admitted. (*The Park Bank* v. *Tilton*, 15 Abb. Pr. 384; *Morgan* v. *Reid*, 7 id. 215 ; *Jackson* v. *Parkhurst*, 4 Wend. 369 ; *Hay* v. *Douglas*, 8 Abb. Pr. [N. S.] 220 ; *Forrest* v. *Forrest*, 6 Duer, 102, 117.)

In the case last cited a letter was offered in evidence by defendant, but rejected. It was afterward admitted and read in evidence by him. Upon appeal the defendant sought the benefit of his exception to the first ruling, but the court say " there is nothing in this point, unless it be a sound rule of law that a ruling, rejecting evidence offered, erroneous at the time it was made, cannot be cured by admitting the same evidence at the instance of the party excepting in a subsequent stage of the trial. No authority has been cited to the effect that for such an error a new trial should be granted." "It is as if on exception to the refusal of the court to nonsuit, a defendant gives evidence, and after verdict for the plaintiff, alleges the exception as ground for a new trial. It is in such a case held that, by not standing on his exception, it is lost to the party taking it," and the court in the case cited (*Forrest* v. *Forrest*, *supra*), say: " It is difficult to state a principle which should exempt the

omission to rely upon the exception in this case from the same consequences."

In *Robinson* v. *The Fitchburg & W. R. R. Co.*, 7 Gray, 92, the plaintiff offered in evidence the admissions of the president of the defendant.    They were excluded and exception taken; they were afterward admitted, and in reviewing the exception the court say : " The order of proof is always within the discretion of the judge presiding at the trial, and his exercise of this discretion is not open to exception.    The plaintiff has had the full benefit of the evidence offered by him, it having been laid before the jury in the course of the trial; and it is therefore quite immaterial that it was not admitted at the time when it was first offered."

The principle and the authorities apply here.    We have seen by the extract already given from the charge of the judge in the case before us, that the evidence first rejected, but afterward received, was given to the jury, and it does not appear that the defendants again offered to examine Turk, or that they were precluded from examining him, or other witnesses to the same point.    If there was error, therefore, in excluding the evidence when first offered, the error was cured and the exception falls.

The next point argued assumes that the judge charged the jury that " if there is a cause for false imprisonment, there is also one for malicious prosecution."    But this was not so ; he in fact charged " this is an action for malicious prosecution. There is also in the complaint a charge for false imprisonment; but it all arises out of the same transaction.    If there is a cause of action for malicious prosecution, there is also one for false imprisonment.    If the whole thing was justifiable, then there is neither malicious prosecution nor false imprisonment."    It may be true in a strict and technical sense, that evidence sufficient to sustain an action for false imprisonment would not sustain the other action ; one being it is said " for a prosecution, which upon the stating of it is manifestly illegal," the other " a legal prosecution carried on without probable cause." (*Sutton* v. *Johnstone*, 1 D. & E. 493, 784.)    But in view of the

facts before the jury, and the complaint already referred to, it is obvious the charge as given could work no injury. The prosecution was at an end, and there was evidence upon which the jury might well find that it was instituted in malice. The action for malicious prosecution included the false imprisonment. Its statement did not add a new item for estimation by the jury, or in any way subject the defendants to increased damages. There was but a single transaction complained of, and malice and falsehood are put forward as its main features, and the arrest and imprisonment the consequences. As there was no conflict in the evidence, or dispute about the facts on which the transaction depended, it was for the court and not the jury to determine whether there was reasonable cause for procuring the arrest. (*Perryman* v. *Lister*, L. R., 3 Ct. of Ex. 202; *Besson* v. *Southard*, 10 N. Y. 236.)

We have examined the other exceptions taken during the trial, and are of opinion that they are insufficient to affect the judgment entered upon the verdict.

The order of the General Term should therefore be reversed, and the judgment of the Special Term affirmed.

All concur, except RAPALLO and MILLER, JJ., dissenting.

Order reversed and judgment affirmed.