## CARPENTER v. KNAPP.

(Supreme Court, General Term, Second Department. December 12, 1892.)

1. APPEAL—RULINGS ON EVIDENCE—HARMLESS ERROR.
    The admission of evidence, theretofore excluded, cures whatever error there may have been in the former ruling.
2. TRIAL—LIMITING NUMBER OF WITNESSES.
    A court has power to limit the number of witnesses each party may examine as to any question of opinion.

Appeal from circuit court, Dutchess county.

Action by T. Ella Carpenter against Edgar Knapp to recover damages for slander. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

Wm. R. Woodin, for appellant.

Fred E. Ackerman, for respondent.

BARNARD, P. J. The complaint avers the utterance of slanderous words by the defendant concerning the plaintiff on several different occasions. One of these occasions was at a meeting of a biblical institute. The answer states that this utterance was made at the invitation of the meeting, upon an inquiry made by the institute as to certain alleged improper relations between the plaintiff and a member of the institute. Upon the trial the court refused to permit proof of the fact as to these charges being a subject of discourse. The ruling might have force if the proof had not subsequently been admitted. The defendant's witnesses, Hansberger, McCrone, Williams, and Miller, all testified that the inquiry before the institute was as to certain alleged improper relations between the plaintiff and one Beanblossom, a student of the biblical seminary. The error was cured. Neil v. Thorn, 88 N. Y. 270.

The only proof of character proper under the pleadings was the general character of the plaintiff. The defendant could not, as a part of the proof affecting this inquiry, prove the names of the witnesses who said her general character was bad, nor what was said by each about the plaintiff. Upon cross-examination by the plaintiff such questions would be proper to affect the credibility of the witnesses, and the weight of their testimony on that subject. The court had the power to limit the number of witnesses each party might examine as to any question where the opinion of witnesses was competent evidence. Sizer v. Burt, 4 Denio, 426. The judgment should therefore be affirmed, with costs.