## CARRERE v. DUN.

(City Court of New York, General Term.   January 3, 1899.)

1. EVIDENCE—ASSIGNMENTS—PAYMENT TO ASSIGNOR WITHOUT NOTICE.
   In an action by the assignee of a claim for services rendered a member of a firm by an employé of such firm, as extra work, where the defense was that the services in question were performed for the firm, and that they were paid for before defendant or the firm had notice of the assignment of such claim, evidence of such payments to plaintiff's assignor was properly admitted.

2. TRIAL—CROSS-EXAMINATION—DISCRETION OF JUDGE.
   The limits of a cross-examination on subjects not embraced in the direct examination are wholly within the discretion of the trial judge, which discretion is not subject to review on appeal.

3. APPEAL—VERDICT—CONFLICTING EVIDENCE.
   A verdict cannot be said to be against the weight of the evidence, where there was no preponderance on either side, except such as arose from the confidence of the jury in the veracity of certain of the witnesses.

Appeal from trial term.

Action by Fannie Bean Carrere against Robert G. Dun.   From a judgment entered on the verdict of a jury in favor of defendant, plaintiff appeals.   Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER and OLCOTT, JJ.

Wilson Lee Cannon, Jr., for appellant.
Douglass & Minton and Henry B. Corey, for respondent.

OLCOTT, J.   This action was brought by the plaintiff, as the assignee of her husband, William Carrere, to recover the sum of $350 for services alleged to have been rendered by him to the defendant. This appeal is taken by the plaintiff from a judgment in favor of the defendant, rendered on the verdict of a jury.   The facts as disclosed by the evidence are as follows:   From about April 1, 1893, to May 1, 1894, Carrere was employed as an assistant bookkeeper by the firm of R. G. Dun & Co. upon a salary of $2,000 a year.   That firm was composed of the defendant and Arthur J. King and Robert D. Douglass.   Edward Green was employed as head bookkeeper by the firm during that period.   In December, 1893, or January, 1894, Green directed Carrere to make up a certain statement of the private account of R. G. Dun from the books of the firm, and also from some private books and accounts of Dun then handed to him.   Shortly thereafter Carrere removed the books to his house, and there performed this work, of which both Green and Dun had knowledge.   The plaintiff regards this as an element of proof that the work was performed as extra work for Dun; while, on the other hand, one of defendant's witnesses testified that the books were taken to Carrere's house because of interruptions to the work upon them at the office, and that Mr. Carrere left the office early on a number of occasions, so as to go to his residence and work upon these books.   The defense set up was that whatever work plaintiff's assignor performed for the firm of R. G. Dun & Co., or for any of its members, was paid for by his regular salary, and by certain further payments made to him prior to any notice which the

defendant had of the assignment of the claim to the plaintiff, and that plaintiff's assignor was never employed by the defendant individually. Under the issues as thus raised, it was not error to admit the release and receipts given by plaintiff's assignor to the firm of R. G. Dun & Co., nor was the admission of evidence of payments by that firm to Carrere error. Allegations calling definitely for such proof were contained in the answer, and, defendant's defense being that the employment in question was that of the firm, he was entitled to show that the receipts included something other than the regular annual salary, for the purpose of following out the line of defense by asking the jury to find that these receipts were for the very payments by the firm which compensated plaintiff's assignor for the work herein sued for.

The plaintiff objected upon the trial to the cross-examination by the defendant of the plaintiff's assignor, when directed to the matters about which he had not been questioned in the direct examination. There is no doubt that a party may properly be permitted to cross-examine on subjects not brought out in the direct examination. The limits of such an examination rest wholly in the discretion of the trial judge, and his discretion is not subject to review on appeal. Neil v. Thorn, 88 N. Y. 270; Baylies, Trial Prac. p. 179.

The case went to the jury mainly upon the conflicting evidence of Carrere and Green. Green denied every material statement made by Carrere as to the circumstances under which this work was done, and the story as told by him was the explanation of the transaction which the jury accepted. A question of veracity was raised as between Green and Carrere, and the jury, with all the evidence before them, believed the testimony of the defendant's witness. There was no preponderance of testimony on either side, except such preponderance as arose from the confidence of the jury in the truthfulness of Green's testimony. It therefore cannot be said that the verdict was against the weight of the evidence.

The exceptions to the charge appear to be without weight. The requests to charge made by the defendant and acquiesced in by the court, to which exceptions were taken, were mainly based upon propositions of law which are laid down by the appellate term in the decision in Carrere v. Dun, 18 Misc. Rep. 18, 41 N. Y. Supp. 34, which was an appeal from a former judgment of this court in this action; and the charge, as a whole, fairly advised the jury what the issues of fact were.

We do not think that the record discloses error prejudicial to the plaintiff, and our conclusion is that the judgment and order appealed from must be affirmed, with costs. All concur.