Fannie Bean Carrere, Appellant, *v.* Robert G. Dun, Respondent.

Appeal from a judgment in favor of defendant, entered upon a verdict.

Wilson Lee Cannon, Jr., for appellant.

Douglas & Minton (Henry B. Corey, of counsel), for respondent.

Olcott, J. This action was brought by the plaintiff as the assignee of her husband, William Carrere, to recover the sum of $350 for services alleged to have been rendered by him to the defendant.

The appeal is taken by the plaintiff from a judgment in favor of the defendant, rendered on the verdict of a jury.

The facts as disclosed by the evidence are as follows:

From about April 1, 1893, to May 1, 1894, Carrere was employed as assistant bookkeeper by the firm of R. G. Dun & Co., upon a salary of $2,000 per year. That firm was composed of the defendant and Arthur J. King and Robert D. Douglas. Edward Green was employed as head bookkeeper by the firm during that period. In December, 1893, or January, 1894, Green directed Carrere to make up a certain statement of the private account of R. G. Dun from the books of the firm, and also from some private books and accounts of Dun then handed to him.

Shortly thereafter Carrere removed the books to his house and there performed the work, of which both Green and Dun had full knowledge. The plaintiff regards this as an element of proof that the work was performed as extra work for Dun, while, on the other hand, one of the defendant's witnesses testified that the books were taken to Carrere's house because of interruptions to the work upon them at the office, and that Mr. Carrere left the office early on a number of occasions so as to go to his residence and work upon these books.

The defense set up was that whatever work plaintiff's assignor performed for the firm of R. G. Dun & Co., or for any of its members, was paid for by his regular salary and by certain other payments made to him prior to any notice which the defendant had of the assignment of the claim to the plaintiff; and that plaintiff's assignor was never employed by the defendant individually.

Under the issues as thus raised it was not error to admit the release and receipts, given by the plaintiff's assignor to the firm of

R. G. Dun & Co., nor was the admission of evidence of payment by that firm to Carrere erroneous.

Allegations calling definitely for such proof were contained in the answer, and, the defendant's defense being that the employment in question was that of the firm, he was entitled to show that the receipts included something other than the regular annual salary, for the purpose of following out the line of defense by asking the jury to find that these receipts were for the very payments by the firm which compensated the plaintiff's assignor for the work herein sued for.

The plaintiff objected upon the trial to the cross-examination by the defendant of the plaintiff's assignor, when directed to the matters about which he had not been questioned in the direct examination.

There is no doubt that a party may properly be permitted to cross-examine on subjects not brought out in the direct-examination.

The limits of such an examination rest wholly in the discretion of the trial judge and his discretion is not subject to review on appeal. Neil v. Thorn, 88 N. Y. 270; Baylies Trial Practice, 179.

The case went to the jury mainly upon the conflicting evidence of Carrere and Green. Green denied every material statement made by Carrere as to the circumstances under which this work was done, and the story, as told by him, was the explanation of the transaction which the jury accepted.

A question of veracity was raised as between Carrere and Green, and the jury with all the evidence before them believed the testimony of the defendant's witness.

There was no preponderance of testimony on either side, except such preponderance as arose from the confidence of the jury in the truthfulness of Green's testimony.

It, therefore, cannot be said that the verdict was against the weight of evidence.

The exceptions to the charge appear to be without weight.

The requests to charge, made by the defendant and acquiesced in by the court, to which exceptions were taken, were mainly based upon propositions of law, which are laid down by the Appellate Term in the decision of Carrere v. Dun,, 18 Misc. Rep. 18, which was an appeal from a former judgment of this court in this action, and the charge as a whole fairly advised the jury what the issues of fact were.

We do not think that the record discloses any error prejudicial to the plaintiff, and our conclusion is that the judgment and order appealed from must be affirmed, with costs.

FITZSIMONS, Ch. J., and O'DWYER, J., concur.

Judgment and order affirmed, with costs.