HOUSTON PACKING COMPANY, PLAINTIFF AND RESPONDENT, *v.* PAGÁN, LÓPEZ & CO., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an action of debt.

No. 1018.—Decided April 8, 1914.

FOREIGN CORPORATION—CAPACITY TO SUE—SPECIAL DEFENSE.—When the plaintiff is a foreign corporation and the complaint fails to allege whether or not it has complied with the provisions of the laws of Porto Rico governing said corporations, if the defendant desires to question the capacity of the corporation to sue on the ground of failure to comply with said laws, he should make that allegation specifically as a question of fact in the answer to the complaint, and if he does not, it will be considered that he has waived that defense.

ID.—CAPACITY TO SUE—GENERAL DENIAL.—When it is only alleged in the complaint that the plaintiff is a corporation constituted under the laws of the

State of Texas with its domicile in the city of Houston of the same state, a general denial of the facts alleged in the complaint is not sufficient to raise the question of the capacity of said corporation to sue, nor to compel it to submit proofs of its organization and existence.

Id.—Capacity to Sue—Demurrer.—The defense of lack of capacity to sue should be pleaded by demurrer on the ground of lack of capacity and not of lack of cause of action.

Id.—Estoppel—Contract.—A party contracting with a corporation is estopped from denying its existence in an action accruing from the contract.

Pleading—Amended Complaint—Prayer of Complaint—Cause of Action.— Neither the fact that the complaint is amended by a separate pleading without the preparation of a new complaint containing the amendment, nor the fact that its prayer fails to state that judgment is prayed for in favor of the plaintiff, is sufficient to sustain the plea that the complaint does not state facts sufficient to constitute a cause of action.

Evidence—Signature—Expert.—It is not error to allow a witness to identify the signature to a letter signed by another person without qualifying as an expert when the witness knows the handwriting of the subscriber.

The facts are stated in the opinion.

*Mr. José G. Torres* for the respondent.

*Messrs. Pascasio Fajardo* and *E. Ramírez Nadal* for the appellants.

Mr. Justice Aldrey delivered the opinion of the court.

The complaint in this case alleges that the plaintiff is a corporation organized under the laws of the State of Texas, with its domicile in the city of Houston, of that state, and that the defendants are a mercantile partnership, with their residence in Mayagüez, Porto Rico; that the plaintiff sold to the defendants merchandise to the value of $788.88, payable in cash on delivery; that the said merchandise was duly shipped on September 23, 1911, and received and accepted by the defendants who have not paid the said sum either in whole or in part to the plaintiff or to any other person in its name notwithstanding the fact that efforts have been made to collect the same. The complaint concludes with the prayer that the defendants be adjudged to pay the said amount together with lawful interest and costs.

The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action and the demurrer having been overruled by the lower court, an

answer was filed denying generally and specifically each and all of the facts alleged in the complaint, after which a trial was had and the District Court of Mayagüez rendered judgment against the defendant firm for the $788.88 sued for together with lawful interest from the time the complaint was filed and the costs, disbursements and. attorney's fees of the plaintiff. From that judgment the defendants took the present appeal.

The principal ground on which the appellants rely for the reversal of the judgment appealed from is that as they specifically denied all the facts alleged in the complaint the plaintiff was required to prove not only that it is a corporation organized under the laws of the State of Texas, but also its capacity to appear before the courts of this Island by having complied with the requirements of our laws regarding private foreign corporations, without which proof the lower court should not have allowed the plaintiff to introduce evidence of the obligation whose payment is demanded and should have sustained the motion for a nonsuit which the defendants filed.

It was sufficient for the plaintiff to allege, as it did, that it was a private corporation and as the complaint contains no allegation from which it might be gathered that plaintiff had not complied with certain requisites which would prevent it from bringing the present action in the courts of this Island, it cannot be held that it appears from the complaint that the plaintiff has no cause of action. Moreover, if that fact had been alleged this ground of the demurrer would be bad, as it should have been pleaded that the plaintiff was without legal capacity to sue, in accordance with subdivision 2 of section 105 of the Code of Civil Procedure. When the complaint contains no allegation on this point and the plaintiff has failed to comply with the provisions of our local laws by which he is prevented from suing, then such noncompliance with the law must be alleged specifically in the answer, otherwise the objection will be held to have been waived. *South Yuba*

*Water Company* v. *Rosa*, 80 Cal., 336. Therefore, the plaintiff was not obliged to prove its compliance with such requisites, nor even that it was a corporation organized under the laws of the State of Texas, because the answer did not raise that question inasmuch as a general denial of the facts alleged in the complaint refers only to the facts concerning the alleged contract, and in order to compel the plaintiff to prove its organization as a corporation a general denial is not sufficient if the answer does not deny specifically the existence of such corporation. *C. S. N. Co.* v. *Wright,* 8 Cal., 591; *Park Bank* v. *Tilton,* 15 Abb. Pr., 384; *Bank of Havana* v. *Wickham,* 7 id., 134. A denial of the existence of a corporation raises no question regarding its organization. *Southern Pacific Railroad Co.* v. *John D. Pursel,* 77 Cal., 69. Besides, a party contracting with a corporation is estopped from denying its existence in an action accruing from the contract. 10 Cyc., 1345 (*b*) and cases cited in note 44.

The other questions raised by the appellants are of secondary importance and neither the fact that the complaint is amended by a separate allegation without the preparation of a new complaint containing the amendment, nor the fact that its prayer fails to state that judgment is prayed for in favor of the plaintiff, is sufficient to sustain the contention that the complaint does not state facts sufficient to constitute a cause of action or that it is ambiguous.

As regards the admission in evidence of certain letters concerning offers of compromise, since they were not offered for the purpose of showing the existence of the debt by such offers, but to show the express acknowledgment of the debt made in said letters, it cannot be held that the court erred in admitting them in evidence, especially when the debt sued for was proved independently of those letters. Neither was it an error to allow a witness to identify the signature to a letter signed by another person, because as he knew the handwriting he could testify on that point without qualifying as an expert. *People* v. *Martí,* decided by this court January

19, 1914. Nor was there error in admitting in evidence a bill of lading covering a shipment of merchandise by the plaintiff to the defendants on account of the fact that it was dated October 2, 1911, when the complaint alleged that the merchandise whose value is sued for was shipped on September 23 of that year, because it was shown that it was the same merchandise, that the bill of lading bore the date of shipment from the port of Galveston and that the said merchandise had been shipped from Houston on September 23.

We see no reason for reversing the judgment appealed from and it is affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.