| 61 | 259 |
| 80 | 337 |
| 80 | 407 |
| 80 | 630 |
| 61 | 259 |
| d144 | 546 |

[No. 8,264.—Department Two.]
Aug. 22, 1880.

## SIMON HIMES v. N. P. JOHNSON.

ACTION FOR DIVERSION OF WATER—PARTIES—TENANTS IN COMMON.—In an action for the diversion of water from a ditch and land, owned by the plaintiff and others, his co-tenant is not a necessary party.

ID.—RELEVANCY OF EVIDENCE.—In such an action, testimony, as to the rights of persons on the stream below the premises of both plaintiff and defendant, can have no relevancy to the issue, and is therefore inadmissible.

ID.—WATER RIGHTS UPON PUBLIC LANDS—INSTRUCTIONS.—The Court (at the instance of the plaintiff) in effect instructed the jury, that the appropriator of the waters of a stream upon the public lands of the United States, for a useful purpose, acquired a right to the same against parties subsequently acquiring title from the government, and all other persons, except previous appropriators; and refused to instruct the jury (at the instance of the defendant), that such appropriation must have been made in the manner recognized by the *local customs*, laws, or decisions of the Courts of this State; but modified the same by striking out the words "*local customs*," and gave the instruction as modified. *Held:* The objections to the instructions given were untenable, and the Court did not err in modifying the instruction asked for by defendant.

ID.—COSTS.—In an action for damages and an injunction, where the injunction is denied, a judgment for less than three hundred dollars does not carry costs.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Superior Court of Sierra County. HOWE, J.

Action for the diversion of water from the plaintiff's ditch, and for an injunction. The complaint alleged the appropriation of the water by the plaintiff's grantors. The answer, besides denying the allegations of the complainant, alleged, in effect, that one Himes was equally interested in the land and water right described in the complaint, and in the relief sought, and that he should have been joined as plaintiff.

The following instructions were given by the Court, at the instance of the plaintiff: "Where a person, by means of a dam and ditch, or other appliance necessary for the purpose, diverts the waters of a stream upon the public lands of the United States and uses the same for some useful purpose, such as mining, agricultural, or manufacturing, he acquires a right to the same against every one except some one who

may have previously diverted the same and used it for some useful purpose. Of course such right is subject to the prior rights of others, if any such there be, to the use of said waters.

"Where a person, by means of a dam and ditch, or other, appliance necessary for the purpose, diverts the water of a stream and uses the same for some useful purpose, he acquires a vested right therein, and if, afterwards, other persons acquire the ownership or possession of the land over or through which said waters flow, from the government or any other person, such ownership or possession of said land is subject to the said water right."

The defendant's attorney requested the Court to instruct the jury as follows, and the Court modified the instruction by striking out the words italicized. "The jury are instructed that in order to acquire a vested right, by appropriation, to the use of water, or to a water ditch, upon the public lands of the United States, in the sense of the ninth section of the Act of Congress, passed July 26, 1866, such water must have been appropriated, and such ditch constructed, in the manner recognized by *the local customs*, laws or decisions of the Courts of this State."

A petition for re-hearing in bank was filed in this case after judgment was denied.

*P. Vanclief*, for Appellant.

If Alfred Himes was interested in the subject of the action or the relief sought, he should have been joined as a party plaintiff. (C. C. P., §§ 367, 378, 383.)

Section 384 of Code of Civil Procedure does not apply to an action of trespass or trover, nor, indeed, to any case in which the pleading does not bring the party within the conditions expressed in that section. It should be alleged that the party holds "as tenant in common, joint tenant, or coparcener." Here the plaintiff alleges that he is sole owner and solely entitled to the relief demanded. (Bliss on Code Plead., § 24; Freeman on Co-tenancy, §§ 331, 335, 347, 349; *Whitney* v. *Stark*, 8 Cal. 514; *Lawrence* v. *Montgomery*, 37 id. 187.)

The Court erred in excluding the testimony of Rowland in answer to the questions asked by defendant's counsel for the

purpose of showing the right of the witness to the use of the waters of Cobb's Creek.

Evidence of this character tended to diminish plaintiff's alleged right and might have proved that he had no right to the use of any part of the water. (*Ortman* v. *Dixon*, 13 Cal. 34; *Smith* v. *O'Hara*, 43 id. 371.) The plaintiff's right was merely residuary, and could not be defined or ascertained without first measuring all prior rights. (*Kidd* v. *Laird*, 15 Cal. 162; Bliss on Code Pl., §§ 328, 329, 356.)

The Court erred in giving to the jury the instructions asked by plaintiff's attorney, and in refusing to give the first instruction asked by defendant's counsel, and in striking therefrom the words "local customs;" and also in giving said instruction as modified by striking out said words.

Said instructions are defective in that they do not include the conditions imposed by the Act of Congress passed July 26, 1866, to the effect that an appropriation of water must be made in the manner recognized by the local customs, laws, or decisions of the Courts of this State. (*Osgood* v. *El Dorado W. & M. Co.*, 56 Cal. 571.)

The Court erred in giving judgment for plaintiff's costs, since plaintiff recovered only fifty dollars damages. (*Esmond* v. *Chew*, 17 Cal. 337.)

*Gale & Jones*, for Respondent.

Himes was not a necessary party to the suit. (C. C. P., § 384.) The whole case hinged upon the question of title and right of possession to the ditch and water right in dispute, and judgment being in favor of plaintiff (respondent), he was, of course, entitled to his costs. (Sub. 5, § 1022, C. C. P.; *Havens* v. *Dale*, 30 Cal. 547.)

There was no error in excluding the offered testimony of F. M. Rowland. In actions of this kind an outstanding title in third parties cannot be shown. (*Niagara Con. G. M. Co.* v. *Bunker Hill M. Co.*, 8 P. L. J. 1881; *Bird* v. *Lisbros*, 9 Cal. 1; *Hubbard* v. *Barry*, 21 id. 320; *Richardson* v. *McNulty*, 24 id. 342; *Carleton* v. *Townsend*, 28 id. 223; *Southmayd* v. *Henley*, 45 id. 101.)

There was no error in giving the instructions asked by plaintiff, or in striking out the words "local customs." (Act

of Cong., July 26, 1866, § 2337; *Osgood* v. *El Dorado W. &
M. Co.*, 56 Cal. 572.)

The COURT:

The interest which is claimed by appellant that Alfred
Himes had in the subject-matter of this action would not
make him a necessary party to it. (C. C. P. 384.) Therefore
the plea in abatement raised an immaterial issue, which it
was unnecessary to submit to the jury. We are unable to
see what relevancy testimony as to the rights of persons on
the stream below the premises of both plaintiff and defendant
could have to the issues in this action, and we think that the
objection to the introduction of such testimony was properly
sustained.

The objections made to the instructions given to the jury
are, in our opinion, untenable; and we do not think that the
Court erred in modifying, as it did, one of the instructions
which appellant's attorney requested to be given.

The plaintiff recovered a judgment for fifty dollars damages
and the costs of the action. We think that the Court erred
in giving the plaintiff a judgment for costs. It is true that
the plaintiff prayed an injunction, but that was denied, and
the action thereafter should have been treated as one for
damages only. It is quite clear that a judgment for fifty
dollars damages in such an action would not carry costs.

Judgment and order reversed.