[No. 7,681.—Department One.]

## W. H. FARLEY *v.* SPRING VALLEY MINING AND IRRIGATING COMPANY.

WATER RIGHTS UNDER ACT OF CONGRESS OF JULY 26, 1866—EASEMENT—PRESCRIPTION—PRE-EMPTION—PATENT.—In an action to recover damages for alleged injury to plaintiff's lands caused by the flooding of them by respondent's reservoir, and for an injunction, the plaintiff's evidence showed that he settled, as a pre-emptor, upon a tract of Government land, including the *locus in quo*, and on February 27th, 1871, duly filed his declaratory statement, and in 1877 proved up and paid for the land, and on January 23d, 1879, received his patent. The reservoir of defendant was constructed after the filing of the plaintiff's declaratory statement in the year 1871.

*Held:* The eighty acres claimed by the plaintiff were public lands of the United States until he proved up his claim and paid for the land in 1877; and under the Act of Congress of July 26th, 1866, entitled "An Act granting the right of way to ditch and canal owners, etc.," and the amendatory Act of July 9th, 1870, the defendant acquired the right to construct and use its reservoir on the public lands. This right was saved and excepted in the patent issued to the plaintiff; and a nonsuit was properly granted.

APPEAL from a judgment for the defendant and an order denying a new trial in the Superior Court of Butte County. HUNDLEY, J.

*Burt & Hamilton,* for Appellant.

*I. S. Belcher* and *Gray & Gale,* for Respondent.

McKINSTRY, J.:

The action was brought to recover damages for alleged injury to plaintiff's lands, caused by the flooding of them by respondent's reservoir, and for an injunction.

At the trial plaintiff's case showed that he proved up and paid for the land he claims (as part of the public domain) after the defendant's reservoir was built and filled. A nonsuit was granted by the Court below.

The eighty acres claimed by plaintiff was public land of the United States until the plaintiff proved up his claim and paid for the land in 1877. Until then Congress had full power to withdraw the land from sale, or to sell or grant it to another. (*Frisbie* v. *Whitney*, 9 Wall. 187; *Hutton* v. *Frisbie*, 37 Cal. 476; *W. P. R. R. Co.* v. *Tevis*, 41 id. 489.)

Congress passed an act on the 26th of July, 1866, entitled " An Act granting the right of way to ditch and canal owners over the public lands, and for other purposes," and in its ninth section provided:

" That whenever, by priority of possession, rights to the use of water for mining, agricultural, manufacturing, or other purposes, have vested and accrued, and the same are recognized and acknowledged by the local customs, laws, and the decisions of Courts, the possessors and owners of such vested rights shall be maintained and protected in the same; and the right of way for the construction of ditches and canals for the purposes aforesaid is hereby acknowledged and confirmed; provided, however, that whenever, after the passage of this act, any person or persons shall, in the construction of any ditch or canal, injure or damage the possession of any settler on the public domain, the party committing such injury or damage shall be liable to the party injured for such injury or damage." (U. S. Stats. at Large, vol. 14, p. 251.)

By an act passed on the 9th of July, 1870, amending the act of July 26th, 1866, it was provided in the seventeenth section that " all patents granted, or pre-emptions, or homesteads allowed, shall be subject to any vested and accrued water rights, or rights to ditches and reservoirs used in connection with such water rights, as may have been acquired under or recognized by the ninth section of the act of which

this act is amendatory." (U. S. Stats. at Large, vol. 16, p. 218.) The effect of these acts was to grant to the defendant the right to construct and use its reservoir on the public lands, and it did construct and use it; and this right was excepted and saved in the patent issued to the plaintiff. (*Broder* v. *Natoma W. & M. Co.*, 50 Cal. 621; *Jennison* v. *Kirk*, 98 U. S. 460; *Osgood* v. *The El Dorado W. & D. G. M. Co.*, 56 Cal. 571.)

The plaintiff was not entitled to judgment against the defendant for damages, under the proviso to the ninth section of the act of July 26, 1866. In the construction of its reservoir the defendant did not injure or damage, or in any way invade the possession of the plaintiff.

Judgment and order affirmed.

McKee, J., and Ross, J., concurred.