Foote, C.
The plaintiff obtained a final decree in this action, perpetually enjoining the defendant Walker from interfering with the ditch or dam of Ware or his associates in the bed of the Arroyo de Los Gatos, upon the land of the defendant, or from obstructing the flow of the water of said arroyo into said ditch, and for costs.
From that judgment, and an order refusing him a new trial, the defendant appeals.
His first contention is, that the court erred in not granting his motion to strike out the second amended complaint filed in the action.
It appears that the cause of action, to wit, the interference of the defendant with certain water rights of the plaintiff, and a certain ditch and dam in which he had an interest, by obstructing the flow of the water therein from the Arroyo de Los Gatos, from which it was appropriated by plaintiff, was the same cause of action as stated in all the complaints, three in number, filed in the action. And the remedy of injunction was prayed for in all of them. Further, it appears that originally the action was brought by several plaintiffs against the present and other defendants, such other defendants being joined because they had not voluntarily become parties plaintiff, although no injury was alleged to have *591 been done by them, that being wholly charged against defendant Walker.
The first complaint was demurred to, and the demurrer sustained. An amended complaint was then filed, which was also demurred to, and the demurrer sustained. A second amended complaint was then filed, wherein Ware alone was named as plaintiff, and Walker alone as defendant. That complaint the defendant moved to strike out because it was not, as he claimed, a complaint proper to the original action, not being between the same parties or stating the same cause of action.
The cause of action, as we have seen, was certainly the same. The fact that by reason of the demurrer which the defendant filed, and which was sustained, the plaintiff was compelled to discontinue his action as to all the plaintiffs who had not a joint cause of action with Ware, cannot be just cause of complaint by the defendant, for his objection obliged the plaintiff thus to frame his pleading.
And the fact that the cause was discontinued as to those defendants brought in because they could not be made to join as plaintiffs, but against whom no cause of action was ever stated, was a mere discontinuance as to them, to which proceeding Walker had no legal right to object. (Browner v. Davis, 15 Cal. 11, 12.)
Therefore the motion to strike out had no merit, and was properly denied.
There was evidence to support all the findings, and hence they should not on appeal be disturbed. (Trenor v. C. P. R. R. Co., 50 Cal. 230.)
It is urged by the appellant that the findings do .not support the judgment.
By them it is substantially declared, among other things, that the plaintiff with others appropriated certain water of the Arroyo de Los Gatos, at a time when the land now owned and possessed by the defendant was still the property of the United States government, and *592 that said water was taken out from the bed of said stream at said time with the approval of the party then in possession of said land, and who afterwards obtained a patent for it; that as part of the ditch which conducted the water to the plaintiff’s land the bed of said arroyo was used; that after a time, when the defendant had become the owner of said land, he was not willing to allow the plaintiff to appropriate and use said water, and that when the plaintiff undertook (by reason of the changes in the bed of the stream having diverted the flow of water away from the head of his ditch) to go higher up in the bed of said stream, which belonged to the defendant, and construct therein at another point on his (defendant’s) land a certain dam and extension of the ditch, so as to again cause said water to flow into it, the defendant tore down the dam, and obstructed so much of the ditch as was upon his land above the original point of appropriation.
It was to prevent further action of that kind, and to maintain his control over the water thus flowing over a portion of the defendant’s land, where the original ditch had not run, that the plaintiff brought the present action.
The conduct of the defendant in the premises, according to the findings, was not justifiable. The plaintiff was entitled to use the water of the stream to which he had obtained the right of appropriation prior to the defendant’s ownership of the land through which the water flowed in its natural current.
All that the plaintiff did in securing to himself the continued use of the water to which he had thus become entitled was to go higher up in the bed of the stream than he had originally done, and dig out a small ditch or channel in the gravelly surface thereof through a bar that had been formed by freshets in the stream, and erect at the head of such ditch a wing-dam to divert the waters of the stream in the usual quantity that he had *593 hitherto used down along its bed into his original ditch. At no point where he thus used the bed of said stream (owing to the height of the banks thereof) could the defendant make any beneficial use of the water thus taken, and no portion of his land available for any useful purpose was invaded or taken. In fact, all that the plaintiff did was to remove obstructions to the flow of its waters from the bed of the stream higher up on the defendant’s land than the point whence such waters could be originally diverted into the ditch.
The plaintiff did nothing more of injury to the defendant than if he had removed a number of fallen trees which might have been washed down by the floods of winter, and which had lain across the stream, obstructing the flow of the water and causing it to run upon the farther side away from the plaintiff’s ditch, and such action was lawful. The plaintiff, by the construction of his ditch, and the appropriation and user of the water of the stream, acquired as against the defendant, a subsequent purchaser from the United States, as complete and perfect a right to maintain his ditch, and have the water flow to, in, and through the same, as though such right or easement had vested in him by grant. Where the use of a thing is granted, everything is granted essential to such use. Such a right carries with it an implied authority to do all that is necessary to secure the enjoyment of such easement.
“ The express or implied grant of an easement is accompanied by certain secondary easements necessary for the enjoyment of the principal one.” (Gale & Whatley on Easements, Am. ed., 231.)
So, also, “in the civil law, the right to a servitude drew with it a right to such secondary servitudes as were essential for its enjoyment.” (Gale & Whatley on Easements, Am. ed., 231.) Again, it is said that “by the civil law, the owner of the dominant tenement had a right to do whatever was requisite to secure to himself *594 the fullest enjoyment of his servitude.” (Gale & Whatley on Easements, Am. ed., 232.)
“ But in entering upon the neighboring soil for the purpose of doing these necessary works, the owner of the dominant tenement was bound not only to exercise ordinary care and skill, but also to repair, as far as he could, whatever damage his labors might have caused to the servient tenement.” (Gale & Whatley on Easements, Am. ed., 235.)
The stream had become obstructed by the deposits from natural causes of gravel in its bed, so as to prevent the flow of water to plaintiff’s ditch.
The defendant, as owners of the servient tenement, was under no obligation to remove these obstructions to the enjoyment by plaintiff of his right to the water.
The duty of making the repairs essential to his employment of the easement devolved upon the plaintiff. (Gale & Whatley on Easements, 215; Taylor v. Whitehead, 2 Doug. 745.)
In the exercise of this right, plaintiff, in a reasonable and proper manner, and, as is found by the court, without damage to the defendant, made such an alignment of the stream, and performed such acts, as were essential to his enjoyment of the water. This he had a right to do. (Prescott v. White, 21 Pick. 341; S. C., 32 Am. Dec. 266; Prescott v. Williams, 5 Met. 429; S. C., 39 Am. Dec. 688.)
The judgment and order should be affirmed.
Searls, C., and Belcher, C. C., concurred.
The Court.
For the reasons given in the foregoing opinion, the judgment and order are affirmed.