[No. 12548.  In Bank. — June 28, 1888.]

# SOUTHERN PACIFIC RAILROAD COMPANY, RESPONDENT, v. JOHN D. PURCELL, APPELLANT.

UNITED STATES PATENT — PRESUMPTION OF VALIDITY. — A United States patent is at least *prima facie* valid, and is presumptive evidence that all preliminary conditions had been fulfilled.

LEGISLATIVE GRANT — EXCEPTION — HOMESTEAD CLAIM — OCCUPANCY — APPLICATION — PAYMENT OF FEES. — Evidence that a party was in possession of public land, and was entitled to a homestead entry, and made application therefor, which was refused, without a showing that he paid or offered to pay the register's fees, does not bring the case within the exception in a legislative grant to a railroad company, of lands to which pre-emption or homestead claims were attached "at the time the line of said road is definitely fixed."

POSSESSION OF PUBLIC LAND — RIGHT OF THE GOVERNMENT. — Mere possession of public land does not give any right as against the government, or prevent it from disposing of the land as it pleases.

FORMER JUDGMENT FOR SAME CAUSE OF ACTION. — The fact that a former judgment in ejectment was given against the defendant in favor of the plaintiff does not prevent the plaintiff from bringing a second action of ejectment against the defendant, if the latter remains in possession of the property.

CORPORATION — FILING ARTICLES IN COUNTY WHERE THE PROPERTY IS SITUATED — PLEADING — DENIAL OF EXISTENCE OF THE CORPORATION. — Non-compliance with the provision that unless a corporation files a copy of its articles in the county where the property is situated, it "shall not maintain or defend any action or proceeding in relation to such property," is a matter to be set up by the defendant in an action of ejectment brought by the corporation for the property.  A denial of the existence of the corporation does not raise the question.

EXISTENCE OF CORPORATION — PROOF — RECITAL IN PATENT. — The existence of the corporation plaintiff is sufficiently proved in an action of ejectment for certain property by a recital in the United States patent, upon which the action is brought, that the plaintiff is "a corporation existing under the laws of the state."

AMENDMENT — IMMATERIAL ERROR. — The erroneous refusal to allow an amendment to the answer becomes immaterial if the defendant was allowed to introduce all the evidence which he could have introduced under the proposed amendment, and such evidence shows no defense.

APPEAL from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion.

*Jacobs & Burns,* for Appellant.

*P. D. Wigginton,* for Respondent.

Hayne, C.—Ejectment. The court below gave judgment for the plaintiff, and the defendant appeals.

1. The plaintiff introduced a patent from the United States, made in pursuance of a legislative grant. The defendant made a series of objections, all of which were based upon the ground that certain matters necessary to the validity of the patent had not been shown, and these objections are urged as reasons for the reversal of the judgment. The objections are not well taken. A patent, whether conclusive or not, is at least *prima facie* valid, and is presumptive evidence that all preliminary conditions had been fulfilled. (*Minter* v. *Crommelin,* 18 How. 88; *Leviston* v. *Ryan,* 75 Cal. 293; *Whitney* v. *Morrow,* 112 U. S. 695.)

2. The legislative grant excepts from its operation, among other things, lands to which pre-emption or homestead claims were attached "at the time the line of said road is definitely fixed." And the defendant contends that he is within the exception. The basis for this contention is, that he gave evidence showing that he was in possession before and at the time the line of the road was fixed; that he was a citizen of the United States over twenty-one years, and had made no homestead entry; that he settled upon the land for the purpose and with the intention of homesteading it; and that he "went to the land-office at Visalia, and asked the register of the office to be allowed to file a homestead entry for this land." He further testified: "The offer of filing was rejected. I was not allowed to file homestead entry on the land." This did not bring him within the exception. Nothing is said about his paying or offering to pay the register's fees, or about his making or tendering the necessary affidavit. (R. S., sec. 2290.) It may be that the register refused to allow his entry be-

cause these conditions were not fulfilled. If such was not the fact, the defendant should have proved it, as the burden in this regard was clearly upon him. So far as is shown, he appears not to have taken any further step. He therefore did not show that a "homestead claim" had attached to the land, and therefore did not bring himself within the terms of the exception. So far as is shown by the record, he was a mere occupant of the land. And it is well settled that mere occupancy of public land does not, of itself, give the occupant any right to the land, or prevent the government from disposing of it as it pleases. (*Yosemite Valley Case,* 15 Wall. 86; *Sparks* v. *Pierce,* 115 U. S. 408.)

3. The defendant pleaded a former recovery by the company *against him* for the same land. The proof was, that an action of ejectment to recover the same property, and damages for its detention, had been commenced by the plaintiff herein against the defendant herein in the circuit court of the United States, and that judgment was entered for the plaintiff in January, 1880. So far as the damages are concerned, the cause of action is different. For the judgment in the present case is for "rents and profits of said premises from May 1, 1882." With reference to the title to the land, it would seem to have been the same as that adjudicated in the former suit; and we do not see why it could not have been relied upon by plaintiff here as an estoppel against defendant. It most certainly does not aid the defendant in any way. The counsel for the defendant asks: "Are the courts to be called upon to render two judgments for the same cause of action?" We do not see why not,—in cases like the present,—if the first judgment has not been obeyed. If the second action had been commenced while the first was pending, the pendency of another action might have been a defense. But as the first suit resulted in a judgment several years before the second was commenced, we are at a loss to see how it can avail defendant in any way.

4. It is contended that the evidence shows title in defendant by adverse possession. The evidence as to possession, however, is vague; and we cannot say that the finding of the court—which, as we take it, is that there is no adverse possession—is not supported by the evidence.

5. It is objected that there was no proof that the plaintiff had filed a copy of its articles of incorporation in the county where the property is situated. The statute provides that unless it is so filed, the corporation "shall not maintain or defend any action or proceeding in relation to such property." (Civ. Code, sec. 299.) An analogous provision is made with reference to certain partnerships. (Civ. Code, sec. 2468.) And the construction which the latter has received is, that the want of a certificate must be set up in the answer. (See *Phillips* v. *Goldtree,* 74 Cal. 151.) And upon the same reasoning we think that the want of the filing of a copy of the articles of incorporation in the county where the property is situated should have been set up by the answer.

Neither the answer nor the proposed amended answer sets up this. The latter denies *the existence of the corporation.* But this is a different matter. If the plaintiff was not a corporation, there was no grantee, and the grant from the government was void. But the patent recites that the plaintiff was "a corporation existing under the laws of the state," and this, we think, was sufficient proof, in the absence of countervailing circumstances, to show that the plaintiff had capacity to take the property.

6. It is urged that the defendant should have been allowed to amend his answer. There were defects in the answer on file which we think the defendant should have been allowed to remedy. For example, the answer failed to deny the allegation that the plaintiff was the owner of the property. And except for the reason stated

below, we should be inclined to advise that the judgment be reversed for an abuse of discretion in refusing to allow the amendment. But the record shows that both parties introduced evidence just as if the answer were perfect in the particulars in which it was sought to be amended. We have considered the case, and the objections urged by the appellant, as if the proposed amended answer had been allowed to be filed. And so treating the case, we think the points made are not well taken. The appellant, therefore, was not injured by the refusal to allow the amendment.

The other matters do not require special notice.

We therefore advise that the judgment be affirmed.

FOOTE, C., concurred.

BELCHER, C. C., took no part in this opinion.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.