[No. 12089.    Department One — October 1, 1889.]

## MARY S. MOULTON, APPELLANT, v. MARY ANN McDERMOTT ET AL., RESPONDENTS.

TENANT IN COMMON — EJECTMENT — NON-JOINDER OF CO-TENANTS. — One tenant in common may recover the possession of the entire tract from an intruder. The other co-tenants need not be joined as parties plaintiff.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting a new trial.

The facts are stated in the opinion.

*H. A. Powell,* for Appellant.

*Carl T. Graef,* for Respondents.

HAYNE, C. — Ejectment. The answer, among other things, pleaded a non-joinder of parties plaintiff, as follows: "That there is a defect of parties plaintiff, which defect does not appear on the face of the complaint, for the non-joinder of Calvin R. Moulton, Ellen N. Verrinder, *née* Moulton, and Frank E. Moulton, in this, viz., that plaintiff claims, as the devisee of one E. S. Moulton, deceased, who in his lifetime pretended that he had a right of property in the parcel of land described in the complaint, and made plaintiff and other said parties co-devisees thereof."

The plaintiff gave evidence tending to show that the defendant was the tenant of one Mrs. Chase; that while defendant was such tenant, Mrs. Chase conveyed to one E. S. Moulton; that Moulton died, and a decree of distribution of his estate was regularly made, " which distributes the premises in controversy, three quarters thereof to Mary S. Moulton (the plaintiff), one twelfth thereof to Calvin R. Moulton, one twelfth thereof to Ellen N. Verrinder, and one twelfth thereof to Frank Moulton." The defendant objected to the admission of this decree, "on the ground that it shows title in others than the plaintiff, and that it only shows she has received a portion of the title of an outside party." This objection was overruled, and the defendant excepted to the ruling and specified the same as error. The plaintiff had a verdict and judgment, and the defendant moved for a new trial. As appears from a bill of exceptions, the court "granted said motion on the ground of non-joinder of parties plaintiff, and that the co-distributees of plaintiff should have joined with her as plaintiffs in the action, the court at the same time expressly overruling all other grounds urged by defendants on such motion." The plaintiff appeals from the order granting a new trial.

We think that the order was erroneous. So far as is shown by the record, the co-distributees were tenants in common. And it is expressly provided by statute that "all persons holding as tenants in common, joint tenants, or coparceners, or any number less than all, may jointly *or severally* commence or defend any civil action or proceeding for the enforcement or protection of the rights of such party." (Code Civ. Proc., sec. 384; *Morenhaut* v. *Wilson,* 52 Cal. 268, 269; *Himes* v. *Johnson,* 61 Cal. 259.)

No brief has been filed for the respondent, and we do not see that there was any error at law occurring at the trial.

We therefore advise that the order granting a new trial
be reversed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing
opinion, the order granting a new trial is reversed.