[Civ. No. 2800. First Appellate District, Division Two.—May 22, 1919.]

## JOHN M. DOYLE, Respondent, v. R. H. BRADSHAW et al., Appellants.

[1] DEFAULT—DELAY IN HAVING BILL OF EXCEPTIONS ENGROSSED—RELIEF—MOTION WITHIN SIX MONTHS—ORDER MADE AFTER EXPIRATION OF SIX MONTHS—VALIDITY.—Where a person intending to appeal, within six months from the original proceedings on the settlement of the bill of exceptions, serves and files a notice of motion to be relieved from the effect of his failure to have the bill engrossed within ten days after the original proceeding, the court may, after the expiration of such six months' period, make an order relieving him from the default.

[2] ID.—CONFLICTING AFFIDAVITS—ORDER CONCLUSIVE.—The order of the trial court granting relief from such default, where made on conflicting affidavits, must be affirmed on appeal.

[3] BOUNDARIES — AGREED LINE — CORRECTNESS OF LOCATION IMMATERIAL.—Where adjoining property owners, following a dispute regarding the true location of the boundary line between them, of which they are uncertain, agree upon its location, and thereafter hold possession of the property up to the agreed line and pay the taxes thereon, the agreed line becomes in law the true line between the properties, regardless of the accuracy of the agreed location as made to appear by subsequent survey or measurement.

---

3. Effect of compromise agreement locating division line at place known not to be the true boundary, note, 10 L. R. A. (N. S.) 610.

3. Effect of taking possession on disputed boundaries, note, 3 L. R. A. (N. S.) 805.

[4] Id.—Action to Quiet Title—Sufficiency of Complaint.—In an
action by one of the property owners to quiet title to the property
up to the agreed boundary line, an allegation that the plaintiff
is the owner of the land and in possession of it is sufficient. It
is not necessary to plead the estoppel.

[5] Id.—Evidence—Location of Measured Line Immaterial.—In such
action to quiet title to the land up to the agreed boundary line,
the court properly granted plaintiff's motion to strike out the evi-
dence of the surveyors as to the location of the measured line.

APPEAL from a judgment of the Superior Court of
Alameda County. Stanley A. Smith, Judge. Affirmed.

The facts are stated in the opinion of the court.

Elston, Clark & Nichols for Appellants.

Dixon L. Phillips for Respondent.

BRITTAIN, J.—The defendants appeal from a decree
quieting plaintiff's title to a lot on the south side of Uni-
versity Avenue, east of Milvia Street, in the city of Berke-
ley. At the outset respondent contends appellants' bill of
exceptions should not be considered, because it is claimed it
was not engrossed within ten days after it was settled. The
delay in the engrossment of the bill was caused by the fact
that on the proceedings for its settlement the court ordered
the transcript of the reporter's notes as to certain matters
to be incorporated in the bill. The reporter who had taken
the evidence at the trial had left the city of Oakland, no
reporter's transcript had been prepared, and his notes were
not available. Within six months from the original pro-
ceedings on the settlement of the bill, with an affidavit
showing diligence on the part of the appellants to ascertain
the whereabouts of the missing reporter, a notice of motion
was served and filed, upon which motion the court, on Au-
gust 16, 1918, after the expiration of the six months' period
limited by section 473 of the Code of Civil Procedure, made
an order in terms relieving the appellants from the effect
of their failure to have the bill engrossed within ten days
after the original proceeding. In opposition to the making
of the order, an affidavit was presented on behalf of the
respondent showing the reporter was in Oakland until
shortly before the original proceeding. It is argued the

appellants should have anticipated that the transcript would be required. **[1]** While the relief sought was not granted until after the expiration of the time limited in the code section, the proceeding was commenced within that time. This procedure has been approved. (*Baker* v. *Borello*, 131 Cal. 617, [63 Pac. 914].) **[2]** The order of the court was made on conflicting affidavits, and must, therefore, be sustained. (*Doak* v. *Bruson*, 152 Cal. 19, [91 Pac. 1001].)

The parties claim from a common source of title. The land actually in dispute is a narrow strip lying along the eastern boundary of the plaintiff's lot designated as lot 13. The defendants own the adjoining lot, No. 12, on the east. Doyle, the plaintiff, first received a deed to the property in 1879 and went into possession under that deed. Later the property was sold for delinquent taxes to Simon Fischel, who then owned lot 12. Fischel made a quitclaim deed of lot 13 to Doyle in 1889, under which he conveyed whatever he acquired under the tax deed. Doyle built a house on lot 13 forty years ago, and, except between 1880 and 1889, while it was in the possession of his tenant, he lived on the property from the time the house was built until his testimony was given in this suit. After receiving the quitclaim deed from Fischel, Doyle paid all taxes assessed upon lot 13.

In 1890 a dispute arose between Doyle and Fischel as to the location of Doyle's house, which extended to the eastern boundary of his lot. Fischel moved the house and Doyle sued him to quiet title. The suit was settled by a payment by Fischel to Doyle. The latter then built his house up to the eastern line of lot 13 and built a fence along that line with Fischel's knowledge, and to the cost of which fence Fischel contributed.

**[3]** The fence line so established was at all times after 1890 recognized by the parties as the division line between lots 12 and 13. These facts meet all the requirements of an agreed boundary, there having been uncertainty of the true location of the line, a dispute regarding it, and possession and the payment of taxes for the period required to establish adverse possession. (*Clapp* v. *Churchill*, 164 Cal. 745, [130 Pac. 1061].) In such a case the agreed line becomes in law the true line between the properties, regardless of

the accuracy of the agreed location as made to appear by subsequent survey or measurement. (*Price* v. *De Reyes,* 161 Cal. 484, [119 Pac. 893] ; *Schwab* v. *Donovan,* 165 Cal. 363, [132 Pac. 447] ; *Silva* v. *Azevedo,* 178 Cal. 495, [173 Pac. 929] ; *Staniford* v. *Trombly,* 28 Cal. App. Dec. 959.) [4] The appellant contends that the establishment of such an agreed boundary rests in estoppel and relies upon the cases holding that where estoppel is relied upon, it must be pleaded by the plaintiff. In a suit to quiet title the allegation that the plaintiff is the owner of the land and in possession of it is sufficient. (*Souter* v. *Maguire,* 78 Cal. 543, [21 Pac. 183] ; *Gray* v. *Walker,* 157 Cal. 381, [108 Pac. 278].) The plaintiff alleged and proved adverse possession of lot 13 up to the agreed line. The question of whether or not his original entry was by virtue of the agreement for the boundary line had no bearing upon the character of his adverse possession. It is contended that the finding of occupancy of the land by the plaintiff was outside of the issues. The complaint alleged ownership and possession of lot 13 by the plaintiff. The evidence showed and the court found the division line between lots 12 and 13 to be in accordance with the agreement of the parties when the location of the line was uncertain.

[5] On the trial a motion was granted striking out the evidence of the surveyors as to the location of the measured line. If there was an agreed line, under the rule of *Price* v. *De Reyes,* the location of the measured line was immaterial, and there was no error in striking out the evidence.

In the closing brief of the appellants it is argued it was not shown the plaintiff had paid taxes on the land up to the fence. In the complaint, and in the findings, in addition to the description by called distances, the plaintiff's lot was described as lot No. 13, in block No. 1, etc., and the plaintiff testified without objection that he had been in possession and had paid all taxes on the lot occupied by him up to the division fence.

The judgment is affirmed.

Langdon, P. J., and Haven, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied

by the supreme court on July 21, 1919, and the following opinion then rendered thereon:

THE COURT.—With relation to what is said in the opinion as to the consideration of the bill of exceptions, it is sufficient to say that it is conceded that no appeal was taken by respondent from the order relieving the appellants from any possible effect of their failure to engross the bill within the time prescribed. The order certainly was not void, and is conclusive on this appeal. (See *Ryer* v. *Rio Land & Imp. Co.*, 147 Cal. 462.) We express no view as to the correctness of what is said in the opinion on this subject.

The petition for hearing in this court is denied.

All the Justices concurred, except Melvin, J., and Olney, J., who were absent.