[L. A. No. 6072.   Department Two.—May 26, 1920.]

SYLVESTER KIPP, Respondent, v. DAVID C. REED, Appellant.

[1] QUIETING TITLE — EVIDENCE — FORMER JUDGMENT — MUNIMENT IN CHAIN OF TITLE.—A person who brings an action to quiet title to certain lands, the title to which has been adjudicated to be in him in a former action against the same defendant *is not* estopped from offering in evidence the judgment-roll in the former action as a muniment in his chain of title, because he did not plead or rely upon such judgment.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles C. Crouch for Appellant.

Abram Rosenthal and Sylvester Kipp for Respondent.

The following opinion, prepared by Mr. Justice Kerrigan of the district court of appeal of the first appellate district, who was sitting *pro tempore* at the time of the hearing and order for submission of this cause, in place of Mr. Justice Melvin of this court, is adopted as the opinion of this court in the cause:

THE COURT.—This action was brought to quiet title to the lands described in the complaint. The defendant filed an answer and cross-complaint wherein he alleged himself to be the owner and in the possession of the premises, and he prayed for judgment accordingly.

At the trial the only evidence presented upon the issue of ownership was that offered by plaintiff. No evidence was offered by defendant.

To sustain his alleged title plaintiff introduced certain United States patents issued to defendant to the land in controversy. Over objection, he then offered in evidence a judgment-roll in a former action to quiet title brought by him against the defendant concerning the identical lands described in complaint herein. Plaintiff then rested his case, whereupon defendant moved for a nonsuit, which was denied. Judgment went for plaintiff. As ground for reversal it is claimed that plaintiff waived the benefit of any estoppel in his favor against the defendant which might have been available to him, arising out of the former adjudication of the same issue between the same parties, for the reason that he did not plead or rely upon such judgment.

Under these circumstances, appellant claims the question of title should be relitigated upon the merits without the aid of the former judgment. We see no merit in this contention.

The former judgment between the parties is dated July, 1909. The complaint in the present action was filed July 24, 1918. The verified answer of defendant alleges that at the commencement of the action he was the owner and in the

possession of the premises. There is nothing before us to show why plaintiff did not rely upon his judgment as an estoppel against the defendant, but the recital in defendant's pleadings as to possession and ownership would indicate that defendant claimed some new right or title that had been acquired by him subsequent to the rendition of the former judgment. His pleadings, however, do not disclose the source of any new title and he introduced no evidence upon the subject. But, in any event, so far as the record shows, plaintiff was entitled to maintain this action. In *Southern Pacific R. R. Co.* v. *Purcell*, 77 Cal. 69, [18 Pac. 886], it is held that the fact that a former judgment in ejectment was given against a defendant in favor of a plaintiff did not prevent such plaintiff from bringing a second action against the defendant, if the latter was in possession of the property. [1] The admission of the judgment-roll in evidence did not, as claimed, constitute error. It was a muniment in plaintiff's chain of title, and admissible as such. (*Chapman* v. *Moore*, 151 Cal. 509, [121 Am. St. Rep. 130, 91 Pac. 324].)

The conclusion we have reached makes it unnecessary to pass upon plaintiff's motion to dismiss the appeal.

For the reasons given the judgment is affirmed.

Wilbur, J., Lennon, J., and Sloane, J., concurred.