[Civ. No. 3769. Third Appellate District.—May 21, 1929.]

EMILY MOAKLEY, Appellant, v. LOS ANGELES PACIFIC RAILWAY COMPANY (a Corporation) et al., Defendants; D. B. YOUNG et al., Respondents.

John F. Poole for Appellant.

James W. Bell for Respondents.

FINCH, P. J.—This is an action to quiet title to a strip of land formerly occupied by the defendant Railway Company as a right of way. The complaint is in the usual short form. The answer of the defendants Young and

Alphonso and Margaret Swaboda deny the allegations of the complaint. Their denial of the allegation that their claims are unfounded is in the following language: "Defendants deny that the claims of said defendants and each of them or of said defendants or each of them are without any right whatever and deny that said defendants or either of them have no estate, right, title or interest in or to said real property above described or any part thereof."

At the trial the foregoing denial was treated as a sufficient statement of the defendants' claims to admit proof thereof and no question in relation thereto is raised by the parties to this appeal.

Judgment was entered quieting plaintiff's title to a part of the strip of land and adjudging that Alphonso and Margaret Swaboda and "the successors in interest" of Young are the owners of the remainder of the strip and that the plaintiff "has no right, title or interest" in such remainder. The plaintiff has appealed from the part of the judgment in favor of such defendants.

February 28, 1900, Robert M. Turner and wife conveyed to the Los Angeles and Pacific Railway Company "a right of way for a state railway over" the strip of land described in the complaint. The deed contained the following: "Should grantee fail to maintain and operate a line over said right of way for regular passenger traffic for a period of six months, said right of way and all rights under this instrument shall immediately revert to grantors or to their assigns."

"The railway company tore up its tracks and abandoned the use of the property . . . on or about September 1, 1915." The defendants' claims of title are all based on quitclaim deeds executed by the defendant Railway Company October 11, 1921.

January 11, 1923, Young and others filed their petition in the Superior Court for the registration of their titles under the provisions of the Land Title Law of 1914 (Stats. 1915, p. 1932). Included in the lands described in the petition were the lands in controversy on this appeal. The petition was accompanied by an abstract of title showing all the conveyances mentioned. Notwithstanding the fact that the interest of the Turners clearly appeared from a mere reading of the abstract, they were not named in the petition,

and one of the allegations thereof reads as follows: "That as applicants are informed and believe, and therefore allege, there is no person who has any estate, or claims any interest in the, or any part of the land hereinafter described, other than as stated in each application, in law or equity, in possession, remainder, reversion or expectancy."

The court ordered that "notice of filing said petition be given, as provided in the land registration act, directed to all persons known and unknown who have, or claim to have an interest in, or lien upon, said land, and to all whom it may concern," and that said notice be published in the "Los Angeles Review" for four successive weeks. Notice, directed to a long list of persons, but not containing the names of the plaintiff or the Turners, was duly published as ordered, and on May 7, 1923, a decree was entered confirming the titles of the petitioners and ordering the issuance of certificates of title to them. Certificates of title were so issued pursuant to the order.

 It is clear from the record that the acts of the petitioners constituted at least constructive fraud, extrinsic in character, and that by reason thereof neither the Turners nor the plaintiff herein were given any notice of the registration proceeding and that, therefore, the court never acquired jurisdiction to bind them by the decree. Section 12 of the act provides: "When the court shall order notice given, a notice must be issued, under the seal of the court, . . . which notice shall be directed to all parties appearing by the petition or the petition and abstract or by the report of the examiner of titles, if any, to have any interest in the land or any part thereof."

The notice in question is the process by the service of which the court acquires jurisdiction of the parties to whom it is directed. It serves the same purpose as a summons in an ordinary civil action. No one would contend that jurisdiction of the person of a known defendant can be acquired by publication of a summons in which his name does not appear. Respondents rely on *American Land Co.* v. *Zeiss*, 219 U. S. 47 [55 L. Ed. 82, 31 Sup. Ct. Rep. 200, see, also, Rose's U. S. Notes]. In that case, however, the court was not considering the question of notice to known owners. The court said: "As no complaint is made concerning the provisions of the statute relating to the designation of and

notice of known claimants, we put that subject out of view and address ourselves to the provisions relating to unknown claimants or claims.'' The precise question presented on this appeal was decided in *Riley* v. *Pearson*, 120 Minn. 210 [L. R. A. 1916D, 7, 139 N. W. 361], in which case, quoting from the syllabus, it was held: ''Where in proceedings under the Torrens act to register title, the applicant fails to disclose to the court the names of persons known to him to have an interest in or lien upon the property, and such persons are not named as parties to the proceeding or served with summons, and do not have actual notice of the proceeding, a judgment rendered therein is not binding upon such persons.''

In *Follette* v. *Pacific L. & P. Corp.*, 189 Cal. 193, 203 [23 A. L. R. 965, 208 Pac. 295, 299], in considering the provisions of section 12, requiring personal service on occupants of the land, it is said: ''To adopt a construction of said law which would permit a petitioner thereunder to imperil or destroy the vested rights and interests of the occupants of the property by the simple process of omitting their names as parties to such proceedings and by so doing obtain jurisdiction by a mere publication of notice and without that personal service of process which the law designates as to those whose names are required to be set forth in said petition would be a manifest injustice and would work a departure from those constitutional principles which are as old as Magna Charta and which guarantee to the owners of vested interests in property that they shall not be deprived of these without due process of law.''

The foregoing argument applies with equal force to the omission from the petition and the notice of the names of persons shown by the abstract of title to have an interest in the land to which the petitioner claims title. The omission was a failure to comply with one of the express provisions of the statute relative to the contents of the required notice, and such provision is mandatory. (21 Cal. Jur. 485.) It appears from the record that the Turners were residents of the state of Kansas and that therefore service of the notice might have been made on them by publication, but publication of a notice in which their names do not appear was not notice to them in any sense.

Respondent contends that appellant's attack on the decree is collateral. In the Follette case the plaintiff relied solely on a similar decree. The defendant therein alleged facts, in effect the same as those relied on by the plaintiff in this case, showing fraud and lack of jurisdiction. The court held that "the assault which the defendant makes upon this decree is not a collateral but a direct attack." In a suit to quiet title "the plaintiff is not required to set forth the nature of the claim of defendant." (*Hyatt* v. *Calkins,* 174 Cal. 580, 581 [163 Pac. 1007].) If the defendants had alleged in their answer the entry of the decree in the registration proceeding then all affirmative matter by way of replication would have been deemed to have been pleaded by the plaintiff. (21 Cal. Jur. 165; *Jose Realty Co.* v. *Pavlicevich,* 164 Cal. 613, 616 [130 Pac. 15]; *Kipp* v. *Reed,* 183 Cal. 49, 50 [190 Pac. 363].) In that event the plaintiff would have been permitted to prove that the decree is void as against her for want of notice to her and the Turners and that the decree was procured by extrinsic fraud. The defendants were not required to set up the nature of the title claimed by them or to plead the decree upon which they rely. (22 Cal. Jur. 157.) It would be a strange rule, however, which would permit them to prove the decree as the foundation of their claim without pleading it and at the same time prevent the plaintiff from making the proof she would have had the right to make if the decree had been alleged in the answer as the foundation of the defendants' claims. The rule applicable to such a situation is the same as that applied in *Wendling Lumber Co.* v. *Glenwood Lumber Co.,* 153 Cal. 411 [95 Pac. 1029]. In that case the plaintiff alleged in general terms its ownership of the personal property involved in the suit. The defendant merely denied the allegations of the complaint. At the trial the defendant introduced proof that the property had been sold to it. It was held that the plaintiff had the right to meet such claim of ownership "by proof that such sale was void because of fraud, without having made any allegation of fraud in the complaint." After citing cases to the effect that a plaintiff is entitled to introduce evidence of fraud, without alleging it, to overcome proof of affirmative matter alleged by the defendant in his answer, it is said: "The same is, of course, true as to the matters disclosed by evi-

dence in behalf of a defendant properly given under denials contained in the answer.'' The plaintiff in this case had the right to show fraud and lack of jurisdiction under the implied replication which the law raises under the circumstances stated. The Follette case, therefore, is controlling and, on the authority of that case, it must be held that the plaintiff's assault upon the decree in question is a direct attack. The decree being void as to the plaintiff, her rights, of course, are not affected by it.

In the registration proceeding the court found facts showing that the petitioners had acquired title by adverse possession, but no such finding was made in this case, and the plaintiff herein is not bound by the findings in the proceeding of which neither she nor her grantors had notice.

The court also found that on September 15, 1923, Young conveyed all his interest in the property ''to Ella J. Robinson, who is not a party to this action and has had no notice thereof.'' Since Ella J. Robinson is not a party to the action, the court was without jurisdiction to determine whether, as against the plaintiff, her title is less vulnerable than that of her grantor. Even if that question could be decided in this action, there is no finding that she is an innocent purchaser for value as defined in section 34 of the act. Besides, under the provisions of section 34, subdivision 5, and section 45, the title of a registered owner is subject to a right of action such as this, commenced within ''one year following the first registration.'' It is not intended to express any opinion as to whether, in such a case, an action may be commenced after the expiration of one year following the first registration, as that question is not involved in this case.

The part of the judgment appealed from is reversed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 20, 1929, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 18, 1929.

All the Justices present concurred.