[Sac. No. 4494. In Bank.—March 22, 1932.]

McKINLEY BROTHERS (a Corporation), Respondent, v. JAMES B. McCAULEY, Appellant.

O'Hara, Hatch & Pope for Appellant.

H. G. Crawford for Respondent.

SEAWELL, J.—Appeal by defendant James B. McCauley from a judgment in an action which is essentially one to quiet plaintiff's title to the beneficial use of the waters of Putah Creek in Lake County. The judgment decreed that the plaintiff, McKinley Brothers, a corporation owning and operating a flourmill and electric power plant near the town of Middletown, is the owner of and entitled to the possession for beneficial uses of all of the flow in the natural channel of said creek up to 500 miner's inches measured under a four-inch pressure at its diversion points on Anderson and English Creeks, which creeks unite to form Putah Creek, subject, however, to a permitted diversion by appellant McCauley for a 36-hour period each week of the waters of Gunning Creek, a tributary of Anderson Creek. Putah Creek has its source in Cobb Mountain in Lake County, flows in a general easterly direction, draining an extensive watershed in Lake, Napa, Yolo and Solano Counties, and empties into the Sacramento River below the town of Davis. It is a seasonal stream, flowing a large quantity of water in the rainy season and a comparatively small amount in the dry season. The respondent's asserted right to the undiminished flow of Putah Creek in its natural channel is based upon an appropriation of 500 miner's inches sectional area measured under a four-inch pressure for milling purposes, made and recorded by its predecessor in interest, James M. Davis, in 1862, while the land above the then contemplated diversion was still unoccupied government land.

It is stipulated that respondent is the successor in interest of Davis. The diversion under this appropriation was for sawmill purposes and began in 1869, there having been no intervening appropriation, and has continued uninterruptedly ever since. The amount of water actually diverted has varied with the flow of the stream.

The sawmill, for which the original appropriation was made, in time gave way to a gristmill known as the Alhambra Mill, owned and operated by Joel Stoddard and J. H. Laughlin, the latter giving way to the flourmill and electric generating plant now owned by the respondent corporation. The land upon which the respective mills stood, consisting of 120 acres patented to Davis in 1875, is riparian to and lies upon both sides of Putah Creek. It is stipulated that the appellant is the successor in interest of land riparian to Gunning Creek, a tributary of Anderson Creek, which was patented to Alfred H. or A. H. Gunning in 1882. This latter patent contained the following reservation: "Subject to any vested and accrued rights for mining, agricultural, manufacturing or other purposes, and rights to ditches and reservoirs used in connection with such rights, as may be recognized and acknowledged by the local customs, laws and decisions of courts." ▮ The Gunning patent, under which the appellant claims, being subsequent in point of time to the Davis patent and appropriation under which the respondent claims, gave rise to no riparian rights as against it, for it is settled that riparian rights do not attach to lands held by the government until such land has been transmitted to private ownership. (*Rindge* v. *Crags Land Co.*, 56 Cal. App. 247, 252 [205 Pac. 36]; *Canal & Irrigation Co.* v. *Worswick*, 187 Cal. 674 [203 Pac. 999].)

As already stated, the present action is, in effect, one in which the respondent seeks to have its title quieted to the undiminished flow in the natural channels of Putah Creek up to 500 miner's inches under its appropriation, the water diverted by it being used in the operation of its flourmill and electrical energy generating plant, and upon its lands, which use has continued by respondent and its predecessors for more than forty years. The flow of Putah Creek is diverted from Anderson and English Creeks by flume, ditch and pipe through said plant and then returned to the natural channel of Putah Creek and used by respondent for

farming and stock-raising purposes upon its lands. Generally, during the dry season the flow of Putah Creek is so limited that all of it is required by respondent to operate the machinery of its plant. It is the appellant's diversion of water from Gunning Creek across the lands of defendants Simons and Cannon, who do not appeal, that is complained of as an invasion of respondent's rights under its appropriation to all the flow of Putah Creek up to 500 miner's inches, that is here sought to be enjoined.

The appellant denies the right of respondent to an undiminished flow of said amount of water; denies its beneficial use by respondent and its predecessors; admits a diversion of water from Gunning Creek under a claim of right for beneficial purposes; and denies it is a wrongful diversion or a wrongful interference with respondent's rights.

It appears that in 1886 Joel Stoddard and J. H. Laughlin, predecessors in interest of the respondent, instituted an action in the Superior Court in and for the County of Lake against certain defendants, among them being A. H. Gunning, appellant's predecessor in interest, to have said defendants enjoined from so diverting the waters of Putah Creek and its tributaries by ditch, dam or otherwise, as to interfere with their right to have the water descend to their mill and lands. After a hearing it was decreed in that action that the plaintiffs were entitled to the uninterrupted flow of the waters of Putah Creek to the extent of 500 miner's inches, sectional area, measured under a four-inch pressure, down to and through their mill, excepting and reserving to defendants a 36-hour flow from 12 o'clock noon on each Saturday until 12 o'clock midnight of the Sunday next following, during which period the plaintiffs' gristmill was not operated. The judgment in said action also perpetually enjoined the defendants, including appellant's predecessor in interest, from obstructing or interfering with the plaintiffs' right to the natural flow of Putah Creek to the above extent. The judgment has long since become final.

In alleging its cause of action in the present case the respondent did not specifically plead this judgment so entered in favor of its predecessor in interest many years before. Respondent did, however, offer said judgment and the record of said earlier action in evidence. They were

admitted over the appellant's objection. This judgment and record were admissible in evidence under respondent's general allegation of ownership (*Doyle* v. *Bradshaw*, 41 Cal. App. 247, 252 [183 Pac. 185]; *Moakley* v. *Los Angeles etc. Co.*, 99 Cal. App. 74 [277 Pac. 883]), the action being essentially one to quiet title to respondent's right to the use of said water.

The appellant urges (1) that the evidence does not support the conclusion that the judgment in the earlier action between the predecessors of the parties hereto is binding upon him; (2) that it does not show that the predecessors of respondent acquired the right to use the waters of Putah Creek to the extent of 500 miner's inches sectional measure under a four-inch pressure at a time when the lands of both parties were public, unoccupied government lands; and (3) that it does not establish that respondent and its predecessors in interest have continuously beneficially used said 500 miner's inches of water from the time of the inception of their alleged right under appropriation until the filing of the complaint in the present action.

The respondent, on the other hand, urges that the real issue is whether or not it has, through its predecessors, acquired the right to divert the waters of Putah Creek. Upon this issue respondent asserts that the prior adjudication of the respective rights of the predecessors in interest of the parties hereto has become final and constitutes a bar to the appellant's claims herein.

The trial court, in line with respondent's contention, found that the appellant was barred and concluded as to the subject matter of this action by the judgment above referred to, rendered on May 24, 1886, in the action of *Stoddard et al.* v. *Dunham et al.* It further found that there has been no change in fact, condition, status or right since the entry of that judgment and that respondent has never ceased to make a beneficial use of the 500 miner's inches of water from Putah Creek when available, and that respondent has never forfeited or abandoned its right to the use of said water up to 500 miner's inches. As a conclusion of law therefrom the court below declared that respondent was entitled to judgment, which was accordingly entered, establishing its right to the natural flow of Putah Creek up to 500 miner's inches measured under a four-inch pressure, re-

serving to appellant the above-noted 36-hour diversion of the waters of Gunning Creek. It was also concluded and decreed that the appellant has no right, either as an appropriator or as riparian owner, in or to the waters of Putah Creek and its tributaries other than as described, and that appellant, his agents and employees should be perpetually enjoined from claiming, diverting, using or asserting any right to the water of that creek and its tributaries other than as described.

Appellant contends that the court below erred when it concluded that the judgment in the earlier action, *supra,* constituted a bar to his claim in the present action. He admits that he is the owner of the land patented to Alfred H. Gunning in 1882, but contends that there is no evidence that said Gunning is the same person as the A. H. Gunning who appeared as a defendant in the earlier action, *supra,* or that the A. H. Gunning who was a defendant in the earlier action had been sued in his relation as owner of the lands now occupied by appellant. Identity of person is presumed from identity of name and the burden was upon the appellant to rebut the presumption, which he failed to do.

An inspection of the answer of A. H. Gunning and the findings of the court in the former case is quite conclusive of the fact that "A. H." Gunning named as a defendant therein and "Alfred H." Gunning to whom the patent was issued in 1882 was intended to and does identify the same person from whom it is stipulated appellant deraigned title in the lands described in the answer herein. Appellant makes claim through no other source. By the judgment in said case of *Joel Stoddard and J. H. Laughlin* v. *Seth Dunham, A. H. Gunning, Phillip Lampley and Rufus Springston* it is provided that defendants "shall at all times henceforth have and enjoy without molestation or hindrance the right to take, divert and use the water of said stream . . . by any proper means from 12 o'clock noon of each Saturday until 12 o'clock midnight of the Sunday next following. . . . " The use of the water mentioned in the judgment was, of course, the use incident to the ownership of lands owned by Gunning to which appellant became his successor. Said lands are specifically described in appellant's answer herein, and upon an inspection of the judg-

ment-roll in its entirety, to which resort may be had to determine the issues litigated in said former action, it is made clear that the lands described by appellant in the instant case and those of which ownership was asserted in said former action are the same lands. Said former judgment, which apportioned the rights of parties to said action, was not appealed from or attacked by any of the parties defendant.

That the flow of water in Putah Creek has greatly diminished during the past decade there can be no question. It is equally clear that plaintiff has not enjoyed the quantity of water allocated to it during the dry seasons, but it has used as much thereof as the flow of the stream furnished. The judgment seems sufficiently certain in its original form to sustain the effect placed upon it by the trial court.

We are of the opinion that the judgment in the earlier action is binding upon the appellant herein as the successor in interest of A. H. or Alfred H. Gunning, and that the trial court was correct in finding that the judgment in said earlier action constituted a bar to the appellant's claims herein.

We find no merit in appellant's contention as to the effect of certain contempt proceedings growing out of a violation of the injunction order entered in the earlier action. In this particular, he urges that inasmuch as the contemner was discharged it must necessarily follow that the earlier action is not a bar herein. It is elementary that title or right by adverse user, or otherwise, may not be tried in a contempt proceeding. (*Ex parte Hollis,* 59 Cal. 405; *Koerber* v. *Superior Court,* 57 Cal. App. 31, 34 [206 Pac. 496].) This principle was recognized in the order of discharge entered in the contempt proceeding relied on by appellant.

The conclusion we have reached renders unnecessary a discussion of other points.

Judgment affirmed.

Langdon, J., Curtis, J., Preston, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.